# OHIO FEDERAL DISTRICT COURTS
## Districts, Judges, Officers, Proceedings and Opinions

No. 290
UNITED STATES v. HILSINGER et al
U. S. District Court, S. D. Ohio, W. D.
Nos. 2205, 2206. Oct. 26, 1922
284 Fed. 585

This opinion has not been published except in Abstract.

INTOXICATING LIQUORS—(1) Prohibition agents held entitled without warrant to seize contrabrand from truck—(2) Prohibition agents may search licensed brewery without warrant—(3) Contrabrand liquor may be seized from receiver of state court.

PECK, J.

Epitomized Opinion

This was an application for a return of property filed by Hilsinger, the receiver of the Schaller Brewing Co. Hilsinger had been operating this plant as a near beer manufacturing business, and had a license from the federal revenue department to dealcoholize quantities of beer then on hand. One of the company's trucks was searched by federal agents, who found that some of the beer contained in some of the barrels on said truck tested as high as 4%. Four of these barrels were seized by the federal agents. Upon searching the factory they also found kegs and bottles containing beer and alcoholic contents from 1% to 4%. The agents took samples from various bottles, kegs and vats for sample purposes. At the trial the defendant claimed that the seizure was unlawful. In denying the peittion for a restoration the court held:

1. That prohibition agents are authorized without warrant to seize contrabrand liquor on a truck which was being transported for beverage purposes.

2. Prohibition agents, for the purpose of enforcement of the Prohibition Act, are vested with the powers granted inspectors by revised statutes Sec. 3177 (Comp. St. Sec. 5900) and may without warrant enter a brewry engaged under a permit from the internal revenue department, in the manufacture of near beer, which is a taxable product, and may search for contrabrand and seize the same when found.

3. The fact that contrabrand liquor is made and in possession of a receiver of a state court does not render it immune from seizure by federal prohibition agents.

Attorneys—Morrow, for U. S.; Allen C. Roudebush and E. M. Hurley, for defendant.

---

No. 291
JOHNSON Trustee, v. PEOPLES TRUST AND SAV. BANK et al
U. S. Dist. Court, N. D. Ohio, E. D. Feb. 13, 1923
In Equity

This opinion has not been published except in Abstract.

MORTGAGES—Marshaling Liens—Jurisdiction as between State and Federal Courts—Administration of Receiver—Exceptions.

WESTENHAVER, J.

Epitomized Opinion

Application by the trustee for an injunction to stay prosecution of a foreclosure suit pending in the state court of Mahoning county, O.

One Angeloff filed his voluntary petition in bankruptcy, August 11, 1922, and on that date was adjudicated a bankrupt. A foreclosure suit had been brought by the defendant bank, June 20, 1922. The mortgage had been duly executed and recorded April 28, 1921. On June 26, 1921, a receiver for the mortgaged property had been appointed by the state court. One of the defendants was the owner of a junior mortgage, and the other two her mechanics' liens. All the mortgages and liens were admittedly valid, and were acquired by the holder and attached to the real estate more than four months before the petition in bankruptcy was filed although the foreclosure was begun, and the other defendants intervened, within the four months before the filing.

The court herein, in denying the application, holds that the trustee is not entitled to have a stay of proceedings in the state court to allow the bankruptcy court to marshal liens upon the property and sell and administer it in the bankruptcy proceedings. On the other hand, the state court has jurisdiction to proceed with the suit, sell the real estate, pay the valid liens, and surrender the remaining porceeds, if any, to the trustee (see in re Rehorer, 177 Fed. 381) which has become settled law, by decision in analogous situations. (See Metcalf v. 187 U. S. 177, and Globe Bank v. 236 U. S. 288.)

If the lien is one that has been acquired within four months, or is one which is voided or displaced by the adjudication in bankruptcy, or if the lien is valid because created four months prior to the adjudication but suit to enforce it is not begun in the state court until after the adjudication, in all such cases the proceedings in the state court may be enjoined or stayed. See cases cited in the full opinion.

Attorney—C. M. Woodside, Youngstown, for the Trustee.

---

No. 292
VACCARELLO, a Minor, v. REPUBLIC ENGINEERS, INC.
U. S. Dist. Court, N. D. Ohio, E. D.
No. 11659. Feb. 27, 1923

This opinion has not been published except in Abstract.

WORKMEN'S COMPENSATION—(1) Pleading—Failure to allege compliance with the law—Presumption—(2) State cases control federal courts.

WESTENHAVER, J.

Epitomized Opinion
Heard on Demurrer to Petition

1. Plaintiff's petition alleges that defendant regularly employs more than five workmen, but does not allege whether it has or has not complied with the Workmen's Compensation Law, so as to obtain the immunity accorded by the Patten case (O. Sup. Ct. June 14, 1921) and Toledo Cooker Co. case by an employer who has done so. But in absence of an affirmative averment to the contrary, it will be presumed that an employer doing business in Ohio, and subject to the law, has complied with rather than violated it.

2. In the Fleischman case, decided by the C. C. A. of this circuit, No. 7, 1922 (7 Abs. 179) it was held that these decisions were controlling on the federal courts and decisions of the court of appeals of this circuit to the contrary are no longer to be followed.

Attorneys—John Ruffalo, Youngstown, for plaintiff; Harrington, DeFord, Huxley & Smith, Youngstown, for defendant.