### UNITED STATES v. DAISON.

(District Court, E. D. Michigan, S. D. March 31, 1923.)

No. 8318.

1. **Intoxicating liquors** ⬅️➡️**249—Search without warrant may be made on lawful arrest.**

   On lawful arrest of a person for violation of the National Prohibition Act, search of a motorboat in which he was at the time of arrest was legal without a warrant, and where liquor was found therein both liquor and boat were lawfully seized.

2. **Arrest** ⬅️➡️**63(4)—Intoxicating liquors** ⬅️➡️**249—Person found violating Prohibition Act may be arrested and search made without warrant.**

   If a prohibition agent, having power of arrest, reasonably believed, on the evidence of his own senses, that a defendant was engaged in transporting liquor in violation of the National Prohibition Act in his presence, he had the legal right, under title 2, § 26, to arrest defendant, to search the motorboat in which defendant then was and to seize the boat and liquor found therein without a warrant.

3. **Criminal law** ⬅️➡️**114—Offender on high seas triable in district into which first brought.**

   That an act otherwise unlawful is committed on the high seas does not render it any the less criminal, and under Judicial Code, § 41 (Comp. St. § 1023), it is triable in the district into which the defendant is first brought.

4. **Arrest** ⬅️➡️**63(2)—Prohibition agents may make arrests for violation of act; "officers of the United States."**

   Under National Prohibition Act, tit. 2, § 38, authorizing the Commissioner of Internal Revenue and Attorney General to appoint "such assistants * * * and other employés * * * as they may deem necessary for the enforcement of the provisions of this act," prohibition agents, appointed by the Commissioner, though not "officers of the United States," within article 2, § 2, of the Constitution, may make arrests for violation of the Prohibition Act.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

Criminal prosecution by the United States against Jack Daison. On petition for return of intoxicating liquors seized, and on motion to quash indictment. Petition and motion denied.

Earl J. Davis, U. S. Atty., and Leonard S. Coyne, Asst. U. S. Atty., both of Detroit, Mich.

Grover L. Morden, of Detroit, Mich., for defendant.

---

⬅️➡️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TUTTLE, District Judge. This cause is before the court on a petition for the return of certain intoxicating liquor alleged to have been unlawfully seized by federal prohibition agents, and on a motion to quash the indictment herein.

The amended petition, which is sworn to by the defendant, is in full as follows:

"That at daybreak on the 19th day of August, A. D. 1922, he was possessed of a power boat and was operating the same on the navigable waters of the Detroit river. That said power boat had no cabin, but that the contents of the same were covered with tarpaulin and life preservers. That on and at the aforementioned date and time, while operating the said power boat, said petitioner was ordered to stop by persons in another power boat. That petitioner did stop. That said other power boat came alongside of petitioner's boat, and a man, whose name is unknown to this petitioner, leaped aboard this petitioner's boat, searched the said boat, and placed petitioner under arrest. That said person, after search and arrest told this petitioner that he was a prohibition agent. That on and at the aforementioned date and time the said prohibition agent seized the said boat and contents thereof, and directed this petitioner to the pier at the village of Ford. That the contents of said boat consisted as follows: Forty-eight cases of beer; 8 cases of Imperial whisky; 6 quarts of White Horse Scotch. That the said prohibition agents were cruising around the river in a speed boat prior to the illegal arrest of this petitioner. That said prohibition agents possessed no warrant nor process of any kind or nature for the arrest of this petitioner. That the said search and seizure and arrest on the part of the prohibition agents were in violation of the Constitution of the state of Michigan, and the Fourth and Fifth amendments to the Constitution of the United States. That said property taken from the possession of this petitioner is now in the possession of prohibition agents and of the United States district attorney for the Eastern district of Michigan, and that the said district attorney and federal prohibition agents have failed to return to this petitioner the said property seized or any portion thereof. That the said district attorney proposes to use said evidence at a trial of the above-entitled cause, and by reason thereof and the facts set forth the petitioner's rights herein have been and will be violated, unless the court orders the said property returned to this petitioner. Wherefore the petitioner prays: (a) That the said court will find that the said search and seizure was made without any search warrant and is illegal; (b) that the arrest of the said petitioner be declared illegal, as the same was made on the high seas; (c) that the court will find that no authority exists in a prohibition agent to make an arrest, and therefore the arrest was illegal; (d) that the court will order the property returned to this petitioner."

An answer to said petition has been filed by the federal prohibition director of Michigan, in which the latter alleges:

That the contents of the said power boat were not covered, and that "a number of cartons were visible and distinguishable"; that "the prohibition agent who made the search and arrest * * * informed petitioner that he was such a prohibition agent and requested him to stop his launch, and that petitioner did stop, and that said intoxicating liquor was seen by said agent, and petitioner thereupon informed him that he had whisky and beer in said launch, and thereupon the agent took possession of said launch and cargo, and took petitioner into custody as a violator of the National Prohibition Act"; that the prohibition agents referred to by the defendant "were on duty in a launch in the Detroit river for the purpose of preventing the importation of intoxicating liquor into the United States, and for the purpose of enforcing the National Prohibition Act, and preventing the transportation of intoxicating liquor and apprehending persons engaged in violating said National Prohibition Act"; that "the property referred to in said petition is now in the possession of prohibition agents and of the United States attorney, and under their control, and that it is not his intention to return said prop-

erty to the petitioner," and that "said intoxicating liquor was intended and designated for beverage purposes and was at the time of said seizure being transported unlawfully, and was not the subject of private ownership, and was therefore not the property of petitioner, and said liquor and said launch used in the transportation thereof are subject to forfeiture and condemnation to the United States, and said petitioner subject to arrest without process"; and that "the United States attorney proposes to use said evidence on the trial of said petitioner,"* and that "the petitioner was indicted by the grand jury for the Eastern district of Michigan on November 22, 1922, for the importation, transportation, and possession of intoxicating liquors as aforesaid."

The indictment referred to charges the defendant, in separate counts, with the unlawful importation, transportation, and possession, respectively, of the said intoxicating liquors in an open motorboat on the American side of the Detroit river within this district, in violation of the National Prohibition Act (41 Stat. 305). The motion to quash said indictment is based upon the facts alleged in the aforesaid petition and merely avers (after reciting said facts):

That "the said district attorney proposes to use said evidence at a trial of the above-entitled cause and that by reason thereof and the facts set forth the respondent's rights herein have been and will be violated, unless the property is returned to the respondent and the indictment quashed."

No other reason is presented as a ground for granting such motion.

That no grounds have been stated for quashing the indictment is too plain to require discussion, and the motion to quash, obviously, must be denied.

The three reasons advanced in support of the petition, already quoted, will be considered in the order in which they are there mentioned.

[1, 2] 1. It is clear that, if the defendant was legally arrested as claimed by the government, the subsequent search and seizure of the motorboat and liquor in question would be lawful without a search warrant. Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. It is settled law that a person who is committing a misdemeanor, at least if it be also a breach of the peace, in the presence of a peace officer authorized to make arrests, may be arrested by such officer without a warrant for such arrest, and it must now, in my opinion, be regarded as equally well settled that a violation of the National Prohibition Act is such a misdemeanor as justifies the arrest, without a warrant, of a person apprehended while so engaged in such violation, with the resultant right to search for and seize intoxicating liquor found in the possession of the offender at the time of such arrest; the commission of such crime being deemed to be in the presence of such officer when the latter is apprised thereof by his own senses. United States v. Murphy, 264 Fed. 842 (D. C.); Ex parte Harvell, 267 Fed. 997 (D. C.); United States v. Borkowski, 268 Fed. 408 (D. C.); Kathriner v. United States, 276 Fed. 808 (C. C. A. 9); Elrod v. Moss, 278 Fed. 123 (C. C. A. 4); In re Mobile, 278 Fed. 949 (D. C.); O'Connor v. United States, 281 Fed. 396 (D. C.); Lambert v. United States, 282 Fed. 413 (C. C. A. 9); Vachina v. United States, 283 Fed. 35 (C. C. A. 9); McBride v. United States, 284 Fed. 416 (C. C. A. 5); United States v. Hilsinger, 284 Fed. 585 (D. C.); United States v. Rembert, 284 Fed. 996 (D. C.); Bell v. United States, 285 Fed. 145 (C. C. A. 5). If, then, the "prohibition

agent" in question reasonably believed, on the evidence of his own senses, that the defendant was engaged in the violation of the National Prohibition Act in his presence, he had the legal right and it was his duty to arrest said defendant, and to seize the intoxicating liquor and motorboat being used in the commission of such crime, provided, of course, that he had power to make any arrest. Lambert v. United States, supra; McBride v. United States, supra; United States v. Hilsinger, supra; Bell v. United States, supra.

Furthermore, such an arrest is expressly authorized by sections 26 and 28 of title 2 of the National Prohibition Act, hereinafter referred to, and by section 9 of chapter 125 of the Act of March 1, 1879 (Comp. St. § 1676), the authority whereof is conferred on prohibition agents by said section 28, which provides that:

"Where any marshal or deputy marshal of the United States within the district for which he shall be appointed shall find any person or persons in the act of operating an illicit distillery, it shall be lawful for such marshal or deputy marshal to arrest such person or persons, and take him or them forthwith before some judicial officer."

The effect of this statute will be further considered later.

[3] 2. It is difficult to understand the basis for the contention of the defendant that his arrest was illegal because it "was made on the high seas." No authority is cited, and I know of none, in support of such contention. Certainly, the mere fact that an act, otherwise unlawful, is committed upon the high seas, does not render such act any the less criminal. Miller v. United States, 242 Fed. 907, 155 C. C. A. 495, L. R. A. 1918A, 545 (C. C. A. 3).

It is not claimed by the defendant that he is not guilty of any of the violations of the National Prohibition Act charged in the indictment against him, nor that such alleged violations occurred outside of the territorial jurisdiction of the United States or of this court. Section 41 of the Judicial Code (Comp. St. § 1023) provides that:

"The trial of all offenses committed upon the high seas * * * shall be in the district where the offender is found, or into which he is first brought."

As under the undisputed facts the defendant was either found in, or at least first brought into, this district, the proper venue of his offense, if any, is, under his own theory, here. Manifestly, the claim of defendant in this connection is without merit and must be overruled.

[4] 3. Nor am I able to agree with the contention of defendant that:

"No authority exists in a prohibition agent to make an arrest, and therefore the arrest was illegal."

The argument in support of such claim proceeds largely upon the theory that, as prohibition agents, so called, are not appointed by the President nor by any court or the head of any department of the government, they are not officers of the United States, and therefore are not authorized to make arrests. It is true that, in view of the language of section 2 of article 2 of the United States Constitution, providing for the appointment of all "officers of the United States" by the President or by courts of law or the heads of departments, no representative of the government not so appointed is within the meaning of the term "of-

ficer of the United States," when used, standing alone, in a federal stat-
ute. United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482; United
States v. Smith, 124 U. S. 525, 8 Sup. Ct. 595, 31 L. Ed. 534; Heaton v.
United States, 280 Fed. 697 (C. C. A. 2). It is also true that "prohibi-
tion agents," not being so appointed, but being selected by the Commis-
sioner of Internal Revenue, are not such "officers of the United States"
within the meaning just mentioned. It by no means follows, however,
that such government agents may not be legally authorized to make ar-
rests, in aid of their right and duty to enforce the provisions of the
National Prohibition Act. There is no federal constitutional or statu-
tory provision requiring that the laws of the United States shall be en-
forced, and arrests for violations thereof be made, only by "officers
of the United States" appointed in the manner just indicated. If such
were the law, not even United States deputy marshals could make ar-
rests, as they are appointed, under section 780 of the Revised Statutes
(Comp. St. § 1304), merely by the United States marshal to whose staff
they belong. An official authorized to arrest offenders against the laws
of the United States may be an agent or employee of the government,
"as," in the language of the Supreme Court in United States v. Ger-
maine, supra, relied on by defendant, "nine-tenths of the persons ren-
dering service to the government undoubtedly are, without thereby be-
coming officers."

Section 38 of title 2 of the National Prohibition Act provides that:

"The Commissioner of Internal Revenue and the Attorney General of the
United States are hereby respectively authorized to appoint and employ such
assistants, experts, clerks, and other employees in the District of Columbia or
elsewhere,  *  *  *  as they may deem necessary for the enforcement of the
provisions of this act."

This clearly indicates the intention of Congress to authorize the "as-
sistants" and "other employees" of the Commissioner of Internal Rev-
enue to make the arrests without which the "enforcement of the provi-
sions of this act" thus intrusted to them would, of course, be impossible.
This intention is further shown by section 28 of title 2 of the act, here-
inbefore mentioned, which provides as follows:

"The Commissioner, his assistants, agents, and inspectors, and all other
officers of the United States, whose duty it is to enforce criminal laws, shall
have all the power and protection in the enforcement of this Act or any
provisions thereof which is conferred by law for the enforcement of existing
laws relating to the manufacture or sale of intoxicating liquors under the
law of the United States."

As, prior to the enactment of the National Prohibition Act, as well
as afterwards, all federal laws, including those referred to in the sec-
tion just quoted, such as the Act of March 1, 1879, hereinbefore men-
tioned, were enforced by United States marshals and their deputies, by
means of the "power" which was "conferred by law" upon them for
the purpose of enabling them to execute such laws, it is plain that the
government agents mentioned in this section have the same "power"
and "protection" in the "enforcement of this act" which is possessed
by such marshals and their deputies. I am of the opinion that a per-
son appointed, under the act, by the Commissioner of Internal Revenue
to act as his assistant, agent, or inspector, and as such duly designated

and authorized by him to aid in the enforcement of such act, is thereby constituted a "peace officer" of the United States, within the ordinary meaning of that term as used in connection with the subject of arrests, and that he therefore has power to arrest offenders against that act. Elrod v. Moss, supra; O'Connor v. United States, supra.

Finally, it is not denied by defendant that, as claimed by the government in its answer, a number of the cartons containing the intoxicating liquor being carried· by him "were visible and distinguishable"; nor that, as also claimed by the government in such answer, such intoxicating liquor "was seen by said agent." The right, therefore, of such prohibition agent to make an arrest under such circumstances is expressly created by section 26 of the National Prohibition Act, hereinbefore referred to, which provides as follows:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof."

The provisions of section 1014 of the Revised Statutes (Comp. St. § 1674), providing that offenders against the United States may be arrested in any state where found, "agreeably to the usual mode of process against offenders in such state," have been carefully considered; but I find nothing in that statute, construed (as it must be) together with the later National Prohibition Act, opposed to or inconsistent with the views herein expressed.

For the reasons stated, I reach the conclusion that the defendant has not shown that the arrest nor seizure complained of was unlawful, and hence the petition must be denied; and it is so ordered.