## UNITED STATES v. KELLER et al.

(District Court, E. D. Michigan, S. D.   March 31, 1923.)

No. 8385.

**1. Indictment and information ⬅️138—Motion to quash held to state only legal conclusions.**

Allegations that all the evidence presented to the grand jury on which an indictment was based was illegal, and obtained contrary to the constitutional rights of defendant, and that the indictment was founded on "incompetent, illegal, and hearsay testimony," are mere statements of legal conclusions, and do not state grounds for quashing the indictment.

**2. Intoxicating liquors ⬅️249—Prohibition agent authorized to serve warrant issued under Prohibition Act.**

A prohibition agent, appointed by the Commissioner of Internal Revenue, is authorized to execute a search warrant issued under National Prohibition Act, tit. 2, § 2.

⬅️For other cases see same topic & KEY-NUMBER In all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Oliver Keller and others. On motion to quash indictment, and petition for return of intoxicating liquors seized. Motion and petition denied.

Earl J. Davis, U. S. Atty., and Leonard S. Coyne, Asst. U. S. Atty., both of Detroit, Mich.

Grover L. Morden, of Detroit, Mich., for defendants.

TUTTLE, District Judge. This case is now pending on a motion to quash the indictment and on a petition for the return of certain intoxicating liquor seized by certain United States prohibition agents. The indictment herein charges the defendants with violation of the National Prohibition Act (41 Stat. 305).

[1] The motion to quash said indictment is not based upon any affidavit nor other showing of facts sufficient to warrant serious consideration. Such motion merely alleges:

That "all the evidence obtained by the federal agents, and presented to the grand jury, was illegal and contrary to the constitutional rights of the respondent," and that "the indictment returned by the grand jury was founded upon incompetent, illegal, and hearsay testimony."

These averments, are so indefinite and uncertain, and so clearly mere statements of legal conclusions rather, than allegations of facts, that they do not require nor merit further comment. Clearly the motion to quash must be denied.

[2] The only ground urged by defendants as a basis for the petition for the return of the intoxicating liquor involved is the claim that prohibition agents have no authority to execute search warrants. It is urged in support of this contention that such a prohibition agent is not "a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof," within the meaning of the Act of June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), providing for the issuance of search warrants. Substantially the same contention and argument were advanced by the same counsel with respect to the claim that prohibition agents were not authorized to make arrests, in the case of United States v. Daison, 288 Fed. 199, in which case a written opinion by this court has been to-day filed disposing of such contention adversely to the defendant therein. The conclusions there reached and the reasons therefor as stated in such opinion are, in my opinion, equally applicable to the present case.

It is also to be noted that section 6 of the act supplemental to the National Prohibition Act (the Act of November 23, 1921 [42 Stat. 223]) provides that:

"Any officer, agent, or employee of the United States engaged in the enforcement of this act, or the National Prohibition Act, or any other law of the United States, who shall search any private dwelling as defined in the National Prohibition Act, and occupied as such dwelling, without a warrant directing such search, or who while so engaged shall without a search warrant maliciously and without reasonable cause search any other building or property, shall be guilty of a misdemeanor."

Under well-settled principles of statutory construction, this prohibition of search by a prohibition agent *without a search warrant* plainly evidences an intent on the part of Congress to authorize such a search *with a search warrant,* especially in view of the provisions of the National Prohibition Act indicative of the same intent, as pointed out by this court in United States v. Daison, supra. The petition is denied.