### UNITED STATES v. SYREK.

(District Court, D. Massachusetts. June 14, 1923.)

No. 4388.

1. **Searches and seizures ⬠3—Search at 5:15 p. m., December 22, not in "daytime."**

A search at 5:15 p. m. on December 22 is not authorized by a search warrant for search "in daytime only."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Daytime.]

2. **Intoxicating liquors ⬠249—Search warrant may be issued to prohibition agent as "civil officer of the United States."**

Under National Prohibition Act, tit. 2, § 38, authorizing the Commissioner of Internal Revenue and the Attorney General to appoint such assistants as they may deem necessary for enforcement of the act, such assistants, designated "federal prohibition agents," if appointed by the Attorney General or by the Commissioner, with the approval of the Secretary of the Treasury, are "civil officers of the United States," under article 2, § 2, of the Constitution, to whom a search warrant is authorized to be issued by Act June 15, 1917, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Officer.]

3. **Intoxicating liquors ⬠249—Search warrant may be issued to prohibition agent as "internal revenue officer."**

Under National Prohibition Act, tit. 2, § 28, providing that the Commissioner of Internal Revenue, his assistants, and agents, shall have all the power and protection in the enforcement of the act which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of liquors, and Rev. St. § 3462 (Comp. St. § 6364), authorizing issuance of search warrants to any internal revenue officer, a search warrant may lawfully be issued to a federal prohibition agent, as assistant or agent of the Commissioner.

Criminal prosecution by the United States against Karolina Syrek. On motion by defendant for exclusion of evidence. Granted.

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Elihu D. Stone, Sp. Asst. U. S. Atty., of Boston, Mass.

David H. Keedy, of Amherst, Mass., and Brooks, Kirby, Keedy & Brooks, of Springfield, Mass., for defendant.

BREWSTER, District Judge. The defendant in the above-entitled proceeding moves that information obtained by a federal prohibition agent who searched her premises by virtue of a search warrant be excluded from evidence upon trial of the indictment returned against her, the defendant claiming that the search and the resulting seizure were made upon a warrant which was invalid in several particulars. If the search warrant is bad on any one of the several grounds set forth in defendant's motion, the evidence should be excluded, and it becomes unnecessary to consider all of the 12 different objections that have been raised to the warrant.

It is claimed that the search warrant was invalid because it authorized an entry into the defendant's premises and a search thereof at any time of day or night, without any supporting affidavit containing a positive statement that the property was on the person or in the place to be searched, as required by section 10 of title 11 of the Espionage Act (40 Stat. 228 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼j]).

It appears from the records that the form of warrant used by the Commissioner contained alternative provisions respecting the search. It authorized the party to whom the warrant was issued to enter the premises "in daytime only," and "at any time of the day or night"; the practice being to strike out one or the other of these alternative provisions. In the warrant in question neither of the provisions was stricken out, so that, if we give the warrant its full scope, it purported to authorize an entrance upon the defendant's premises at any time of the night or day. The affidavit upon which the warrant was issued fell far short of being positive that the property was in the place to be searched. On the affidavit, therefore, the Commissioner was not justified in issuing a warrant directing the officers to serve it at any time of the day or night.

[1] But if we take the view that the warrant directed a search in daytime only, it was agreed that the search under the warrant was made December 22, 1922 at 5:15 o'clock p. m. The search, therefore, was in the nighttime, as defined in the federal courts. United States v. Boston & Maine Railroad (C. C. A.) 269 Fed. 89; United States v. Southern Pacific Railroad (D. C.) 157 Fed. 459. The search and seizure, therefore, were invalid, and the defendant's motion excluding evidence should be allowed.

[2] One objection leveled at the search warrant is of such importance that it may be well to consider it. It appears from the record that the warrant was issued "to William J. Strout, federal prohibition agent, and his deputies, or any or either of them."

It is claimed by the defendant that there is no law of the United States which gives the Commissioner any power to issue a search warrant to a federal prohibition agent, and this for two reasons:

(a) That there is no such office known to the law as "federal prohibition agent."

(b) That the Commissioner may only issue a search warrant to "a civil officer of the United States, duly authorized to enforce or assist in enforcing any law thereof, or to a person duly authorized by the President of the United States," and that a prohibition agent is not a civil officer within the meaning of section 6 of the so-called Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f).

The National Prohibition Act in section 38 of title 2 (41 Stat. 319) provides that the Commissioner of Internal Revenue and the Attorney General of the United States may appoint and employ such assistants, experts, clerks, and other employees in the District of Columbia or elsewhere as they may deem necessary for the enforcement of the provisions of the act. By virtue of the authority conferred by this section, a large number of assistants have been appointed or employed by the Commissioner of Internal Revenue, or by the Attorney General, or both, and these assistants have, for administrative purposes, been designated "federal prohibition agents." Mr. Strout, named in the search warrant in question, was one of these federal prohibition agents, and was placed at the head of the group of agents assigned for duty in the Western district of Massachusetts. It was not made to appear in this case whether Mr. Strout received his appointment from the Commissioner of Internal Revenue, or the Attorney General, or whether, if appointed by the Commissioner of Internal Revenue the appointment was subject to the approval of and approved by the Attorney General or the Secretary of the Treasury. If, as a matter of fact, he was appointed by the Attorney General, then he received his appointment from the head of a department and would be an officer of the United States within the meaning of article 2, section 2, of the Constitution of the United States. United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482; Burnap v. United States, 252 U. S. 512, 40 Sup. Ct. 374, 64 L. Ed. 692. The same would be true if his appointment was made with the approval or approbation of the Attorney General or the Secretary of the Treasury. United States v. Hartwell, 6 Wall. 385, 18 L. Ed. 830; Price v. Abbott (C. C.) 17 Fed. 506. In any of these events the prohibition agent would be a civil officer within the meaning of section 6 of the Espionage Act, and the Commissioner is empowered by provisions of that act to issue a warrant to a federal prohibition agent.

[3] But if it be assumed, for the purposes of this case, that Mr. Strout received his appointment from the Commissioner of Internal Revenue without the approval of any department head, the same result would follow, but the authority would spring from a different source. While it is undoubtedly well settled that the Commissioner of Internal Revenue is not the head of a department, within the meaning of article 2, § 2, of the Constitution of the United States, it does not necessarily follow that a Commissioner might not lawfully and properly direct a search warrant to an assistant appointed by the Commissioner of Internal Revenue. Section 1 of title 2 of the National Prohibition Act provides that "any act authorized to be done by the Commissioner may be performed by any assistant or agent designated

by him for that purpose." Section 2 of title 2 provides that the "Commissioner of Internal Revenue, his assistants, agents, and inspectors, shall investigate and report violations of this act." In section 28 of title 2 it is provided that "the Commissioner, his assistants, agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this act or any provisions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the laws of the United States." Section 3462 of the Revised Statutes (Comp. St. § 6364) confers upon the judges of the District Court of the United States and commissioners authority to "issue a search warrant, authorizing any internal revenue officer to search any premises within" their respective jurisdictions.

In Smith v. Gilliam (D. C.) 282 Fed. 628, 636, the District Judge, in his supplemental opinion, reviewed the provisions of existing laws relative to the manufacture and sale of intoxicating liquors under the laws of the United States, and among the powers conferred upon internal revenue officers under those laws he includes the power conferred by section 3462 of the Revised Statutes above quoted. I am of the opinion that the learned judge was justified in including this section among the laws relating to the manufacture or sale of intoxicating liquors existing at the time of the enactment of the National Prohibition Act, and in this connection it may be well to note that section 23 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼v) is to the effect that "nothing contained in this title shall be held to repeal or impair any existing provisions of law regulating search and the issue of search warrants."

It appears, therefore, that quite apart from the provisions of the Espionage Act a Commissioner has abundant authority to issue search warrants to federal prohibition agents as assistants or agents of the Commissioner of Internal Revenue, and such federal prohibition agents are authorized to execute the same. I do not attach any importance to the fact that the National Prohibition Act does not use the term "federal prohibition agent." The act does provide for the appointment of assistants and agents by the Attorney General or the Commissioner of Internal Revenue, and we are dealing with the powers conferred by law upon such assistants and agents, whatever may be their designation. If the Department of Justice or Department of Internal Revenue has seen fit to call these assistants or agents federal prohibition agents, such action, in my opinion, has no legal significance.

In the instant case the warrant ran to the "federal prohibition agent and his deputies." I doubt very much whether this is a proper designation of the federal prohibition agents who came under the supervision of Mr. Strout, and the better practice would undoubtedly be to issue the writ to the federal prohibition agent or his assistants acting under him. See United States v. Innelli (D. C.) 286 Fed. 731.