### UNITED STATES v. O'CONNER.

### SAME v. CHRISMAN.

#### (District Court, S. D. Alabama. January 2, 1924.)

Intoxicating liquors ☞249—Prohibition agents may execute search warrant.

Under Const. art 2, § 2, and National Prohibition Act, tit. 1, §§ 2, 5, and title 2, §§ 26, 28 (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), a prohibition agent, duly appointed by the Commissioner of Internal Revenue, may execute a search warrant.

Prosecutions by the United States against Harry B. O'Conner and against Richard Chrisman, respectively, under the Prohibition Law. On motions to quash search warrant. Motions denied.

Aubrey Boyles, U. S. Atty., of Mobile, Ala., for the United States.
Inge & Bates, of Mobile, Ala., for defendant O'Conner.
Jere Austill, of Mobile, Ala., for defendant Chrisman.

ERVIN, District Judge. In each of these cases the motion to quash the search warrant raises the question of the authority of a prohibition agent, duly appointed by the Commissioner of Internal Revenue, to execute a search warrant. The question is not a new one. The following courts have upheld the authority: U. S. v. Daison

(D. C.) 288 Fed. 199, and U. S. v. Keller (D. C.) 288 Fed. 204, both opinions by Judge Tuttle; U. S. v. Syrek (D. C.) 290 Fed. 820.

I should not feel that it is necessary to write on this subject, but for the recent able opinion of Judge Woodrough in U. S. v. Musgrave (D. C.) 293 Fed. 203. This opinion, when reduced to its final analysis, denies to Congress the power to authorize search warrants to be executed by any one except officers appointed under the express provisions of section 2, article 2, of the Constitution, reading as follows:

"But the Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of departments."

I do not think there is any special constitutional sacredness as to the execution of search warrants. The Constitution does provide that there shall be no unseasonable searches of the persons, houses, papers, and effects of the people, but there is no limitation that I am aware of as to the persons by whom the searches shall be made, nor any limitation on the congressional power to authorize such searches by such persons or officers as the Congress may declare.

If the Congress has such power, then the question is whether the words used by Congress in the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) confers such power on the Commissioner of Internal Revenue and his assistants. The provisions are:

"Sec. 2. The Commissioner of Internal Revenue, his assistants, agents, and inspectors, shall investigate and report violations of the War Prohibition Act to the United States attorney. * * * And such Commissioner of Internal Revenue, his assistants, agents, and inspectors may swear out warrants before United States commissioners or other officers or courts," etc.

Did not Congress intend the officer who could swear out warrants might also execute them? Title 1, § 5, reads:

"The Commissioner of Internal Revenue, his assistants, agents, and inspectors, and all other officers of the United States whose duty it is to enforce criminal laws, shall have all the power for the enforcement of the War Prohibition Act or any provisions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the laws of the United States."

Title 2, § 1, subd. 7, reads:

"Any act authorized to be done by the Commissioner may be performed by any assistant or agent designated by him for that purpose."

Title 2, § 26, reads:

"When the Commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law."

If the Commissioner and his assistants may seize liquor and the vehicle in which it is being transported, and may arrest the offender and prosecute him, why may not he execute a search warrant? Are

the liberties of the people any more encroached on in executing a search warrant than in arresting an offender and seizing property of such offender?

Section 28 reads:

"The Commissioner, his assistants, agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this act or any provisions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States."

The officers are here given all the power and protection in the enforcement of this act or any provision thereof. This means of course the whole act and all its provisions, and does not except the provisions as to searches.

Right here I may refer to section 3462, Rev. St. (Comp. St. § 6364):

"The several judges of the Circuit and District Courts of the United States, and commissioners of the Circuit Courts, may, within their respective jurisdictions, issue a search warrant, authorizing any internal revenue officer to search any premises within the same, if such officer makes oath in writing that he has reason to believe, and does believe, that a fraud upon the revenue has been or is being committed upon or by the use of the said premises."

If the opinion in the Musgrave Case is sound, this statute is unconstitutional for the person there authorized, viz. "any internal revenue officer" is not such an officer as is referred to in the constitutional provision above referred to. I agree with the cases of Smith v. Gilliam (D. C.) 282 Fed. 628, and U. S. y. Syrek (D. C.) 290 Fed. 823, in holding that this section is applicable.

Finally, the opinion in the Musgrave Case refers to section 6 of the act supplemental to the National Prohibition Act (42 Stat. 223), reading as follows:

"That any *officer, agent* or employee of the United States *engaged in* the *enforcement of this Act,* or the National Prohibition Act, or any other law of the United States, who shall *search* any private dwelling as defined in the National Prohibition Act, and occupied as such dwelling, *without a warrant* directing such search, or who while so engaged shall without a *search warrant* maliciously and without reasonable cause search any other building or property, shall be guilty of a misdemeanor and upon conviction thereof shall be fined for a first offense not more than $1,000, and for a subsequent offense not more than $1,000, or imprisoned not more than one year, or both such fine and imprisonment." (Italics mine.)

—as showing Congress meant to preserve the strictness of limitation as to persons who might execute search warrants. To my mind this provision is one of the most persuasive parts of the act to show that Congress understood and intended that the Commissioner of Internal Revenue and his agents were given the power to execute search warrants, for if the possession by such agent of a search warrant gave him protection, then it is certain that Congress understood and intended that such agent was given the authority by the provisions of the act to execute search warrants. U. S. v. Keller (D. C.) 288 Fed. 205.

It is certain that no crime is committed under this provision by the officer, agent, or employee, when the act was done by him under the direction of a search warrant directed to him and in his possession. I therefore conclude that Congress intended to and did confer upon the Commissioner of Internal Revenue and his agents, where so directed by him, authority to execute search warrants.