## UNITED STATES v. LOEFFELMAN et al.

(District Court, D. Minnesota, Third Division. January 4, 1924.)

Intoxicating liquors ⬅➡249—Prohibition agents authorized to execute search warrants issued under National Prohibition Act.

Prohibition agents are authorized to execute search warrants issued under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); a contention that under Const. art. 2, § 2, National Prohibition Act, tit. 2, § 2 (Comp. St. Ann. Supp. 1923, § 10138½a), and Espionage Act, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), such a warrant must be served by civil officers of the United States, being without merit, in view of National Prohibition Act, §§ 1, 28, 38 (Comp. St. Ann. Supp. 1923, §§ 10138½, 10138⅙o, 10138½y), and Act Nov. 23, 1921, § 6 (Comp. St. Ann. Supp. 1923, § 10184a).

Criminal prosecution by the United States of America against Joseph Loeffelman and others. On defendants' motion for an order quashing a search warrant and suppressing evidence. Motion denied.

Lafayette French, Jr., U. S. Atty., and Leland W. Scott, Asst. U. S. Atty., both of St. Paul, Minn.

George Nordlin, of St. Paul, Minn., for defendants.

CANT, District Judge. The question here for determination is whether or not prohibition agents, so called, are authorized by law to execute search warrants issued under the National Prohibition Act (41 Statutes at Large, 305 [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The recent well-considered opinion of Judge Woodrough, of the district of Nebraska, in the case of United States of America v. James Musgrave and Harry Rapp, 293 Fed. 203, answers the question in the negative. That conclusion is based entirely on the proposition that such warrants must be served by civil officers of the United States, who are .such within the meaning of section 2 of article 2, of the Constitution of the United States. Is that proposition correct? Did Congress intend to so provide?

The basis for the claim in favor of such view is as follows:

(1) That the concluding words of section 2, of title 2, of the National Prohibition Act, authorize the issue of search warrants "under the limitations provided in title 11, of the act approved June 15, 1917" (the Espionage Act, 40 Statutes at Large, 228). Title 11, of the Espionage Act·is thus in a way and to a degree imported into the National Prohibition Act.

(2) That title 11 of the Espionage Act referred to, at section 6 thereof, provides for. the issue of search warrants "to a civil officer of the United States duly authorized to enforce or assist in enforcing the law thereof."

The said title 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v) also prescribes many limitations upon the right to issue such warrants and lays down various rules in connection therewith.

In the language quoted from section 2 of title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½a) Congress was not speaking primarily of the officers who might be authorized to serve search warrants, and may not have had them in mind in that immediate connection. It was speaking of the issue of search warrants and of various "limitations" in connection therewith. See, also, section 25 of the same act (section 10138½m). Manifestly, the language of these two sections and the language of the Espionage Act there referred to, might support the claim that under the Prohibition Act search warrants must issue to a civil officer of the United States within the meaning of section 2 of article 2 of the Constitution, or they might not. Such warrants may issue to any officer or agent within the contemplation of the statute. It is a matter of sound statutory construction, and of construction, not only of the language already referred to, but also of all other provisions of law having a bearing thereon and used in the same connection. Unless the language already referred to controls all the other language of the act on the question here involved, search warrants may properly issue to prohibition agents if appropriate language to that end is employed. In this connection a careful reading of Sections 1, 2, 28, and 38 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½, 10138½a, 10138½o, 10138½y) fairly and fully justifies the conclusion that it was the intention of Congress that those agents·should be authorized to serve such warrants as occasion should arise in the proper discharge of their important duties. A well-established and widely extended practice fortifies this conclusion, and the same is amply supported by the following authorities and by the

cases there cited, to wit: U. S. v. Syrek (D. C.) 290 Fed. 820; U. S. v. Daison (D. C.) 288 Fed. 199.

In passing the Act of November 23, 1921, 42 Statutes at Large 222, Congress assumed at section 6 thereof (Comp. St. Ann. Supp. 1923, § 10184a), that a federal prohibition agent, armed with a search warrant, would be authorized to execute the same. Similar assumptions are made throughout many published decisions of the courts.

The motion therefore should be denied.