## UNITED STATES v. MONTALBANO et al.

(District Court, S. D. Texas, at Houston.  March 1, 1924.)

**Intoxicating liquors ⬤⟶249—Federal prohibition enforcement agent held "civil officer," to whom search warrant may be issued.**

Federal prohibition enforcement agent, appointed by Commissioner of Internal Revenue and Prohibition Commissioner, though not an officer of United States within Const. art. 2, § 2, is "civil officer," to whom search warrant may be issued under Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a to 10496¼v), defining such officer as a person duly authorized to enforce or assist in enforcing any law thereof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Officer.]

Proceeding by the United States against Tony Montalbano and another.  On motion to quash search warrant and to suppress evidence obtained thereunder.  Motion denied.

H. M. Holden, U. S. Dist. Atty., of Houston, Tex.
W. W. Wander, of Houston, Tex., for defendants.

HUTCHESON, District Judge.  In this case defendants have filed a motion to quash the search warrant issued to Coley C. White, a federal prohibition enforcement officer, by W. McMahon, a United States commissioner, and to suppress the evidence obtained thereunder. The ground for quashal is that White was not one of the persons to whom a search warrant could issue, he not being "a civil officer," as that term is used in the Espionage Act, authorizing search warrants. The evidence showed that White held a commission designating him federal prohibition officer, signed by D. H. Blair, Internal Revenue Commissioner, and countersigned by Haynes, Prohibition Commissioner, and that he, with others, was employed for and engaged exclusively in the enforcement of the prohibition laws.  The point made is the one fully discussed in U. S. v. Musgrave (D. C.) 293 Fed. 203, and the authority of that case is mainly relied upon.

Beginning with Judge Woodrough's assumption that the word "officer" in the Act of June 15, 1917, the Espionage Act (Comp. St. 1918 Comp. St. Ann. Supp. 1919, §§ 10496¼a to 10496¼v), authorizing search warrants, was used in the restricted sense intended by section 2, article 2, of the Constitution, as construed by the Supreme Court in fiscal cases involving appointment and tenure:

"But the Congress may by law vest the appointment of such inferior officers as they think proper in the President alone, in the courts of law, or in the heads of departments,"

—there is considerable of reason in his conclusion, though I am inclined to the opinion that those decisions, Smith v. Gilliam (D. C.) 282 Fed. 628, and U. S. v. Syrek (D. C.) 290 Fed. 820, holding that a commissioner has authority to issue to federal prohibition agents under Rev. St. § 3462 (Comp. St. § 6364), authorizing issuance of search warrants to internal revenue agents, etc., are correct.

Believing as I do, however, that the word "officer" is not used in the sense attributed to it in the Musgrave Case, I prefer to put my decision squarely on the ground that the word "officer" is used in that act in the popular and not the constitutional sense; that the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) clearly indicates the intention of Congress to place its enforcement, subject to the control of the United States attorney and the Attorney General, in the charge of the Commissioner of Internal Revenue, his assistants, agents, and employees, with the right in them to obtain warrants and other court process, and to seize and arrest offenders and offending vehicles. That it expressly contemplates and provides for issuance of search warrants in the enforcement of this act, which it had confided to prohibition agents, I think does not admit of doubt.

Further, I think it plain on the face of the Espionage Act, as interpreted by the rules of common sense, that the term "officer" was intended to be defined in the act (Comp. St. Ann. Supp. 1919, § 10496¼f) by the words immediately following, to wit, A person "duly authorized to enforce or assist in enforcing any law thereof," and that the word "civil" was prefixed in order to limit the execution of search warrants to the civil as opposed to the military forces of the country. War having been declared, and the country being in a state of great excitement with regard to espionage, it was deemed wise to protect against a construction of the act which would allow the houses of the people to be subjected to military searches, and for that reason the words "civil officer" were used.

Certainly Congress never intended to use the word "officer" in the constitutional sense of "a public station or employment embracing the idea of tenure, duration, emolument and duties" (United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482; United States v. Mouat, 124 U. S. 307, 8 Sup. Ct. 505, 31 L. Ed. 463; United States v. Smith, 124 U. S. 525, 8 Sup. Ct. 595, 31 L. Ed. 534), which would prevent persons executing search warrants, unless they had "letters patent granted by the government under the public seal to a person appointed to an office giving him authority to perform the duties of the office." Congress did not have in mind any question of tenure or of the character of the appointment; it only had in mind the enforcement of the act by persons ordinarily acting in the colloquial sense of the term as peace officers under some authority to enforce the laws of the United States.

The Espionage Act is not in any sense in pari materia with those statutes construed by the Supreme Court in fiscal cases, for the purpose of determining appointment or tenure, and to resort to those statutes and decisions for the meaning of the word "officer" in the Espionage Act is not authorized by any principle of statutory construction. If, however, I am wrong in the view that it is plain from the Espionage Act itself that Congress merely intended to limit the enforcement of the act to civil peace officers, as opposed to the military, its intention was made entirely plain when it enacted the Prohibition Act, and delegated its enforcement to the Commissioner of Internal Revenue, his assistants and agents, authorized them to enforce the act under the

control of the law officers of the government, authorized the issuance of search warrants to enforce that title, and later made it an offense for a prohibition agent to search without a search warrant.

Upon all these considerations I have no hesitation in saying that Congress used the word "officer" in the popular and not in the limited constitutional sense of section 2, article 11 (Comp..St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼b), and that a commissioner has the right to and should issue search warrants to prohibition agents and any other persons charged with the enforcement of the prohibition or any other law of the United States. Supporting this opinion the following cases may be cited: U. S. v. Keller (D. C.) 288 Fed. 204; U. S. v. Daison (D. C.) 288 Fed. 199; U. S. v. Syrek (D. C.) 290 Fed. 820.