## DOVEL et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. June 18, 1924.)

### No. 3364.

1. Intoxicating liquors ⬦ 249—Search warrant may be issued to prohibition agent; "civil officer."

A prohibition agent is a "civil officer," within the meaning of Act June 15, 1917, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), to whom a search warrant may lawfully be issued.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Officer.]

2. Obstructing justice ⬦ 11—Information for resisting officer in execution of search warrant need not set out the warrant.

An information charging defendants with resisting an officer in the execution of a search warrant held not insufficient because it did not set out the warrant in hæc verba.

3. Obstructing justice ⬦ 16—Conviction for resisting officer held not sustained by the evidence.

In a prosecution for resisting an officer in the execution of a search warrant, proof of a valid warrant is essential, and a conviction cannot be sustained where the warrant was not introduced in evidence and there was no proof of its contents, or of the contents of the affidavit on which it was issued.

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against George B. Dovel and Fannie Dovel. Judgment of conviction, and defendants bring error. Reversed, and new trial ordered.

Walter V. Dysert, of Danville, Ill., for plaintiffs in error.

L. T. Allen, of Danville, Ill., for the United States.

Before EVANS, and PAGE, Circuit Judges, and FITZHENRY, District Judge.

EVAN A. EVANS, Circuit Judge. Defendants are charged with having resisted and opposed certain prohibition agents who were attempting to serve a search warrant.

[1] The information is attacked because it does not appear that the prohibition agents were such "officers" as were authorized to serve search warrants. This contention is based upon the assertion that the officer to whom the search warrant runs must be a "civil officer," and to be a "civil officer" nomination by the President and confirmation by the United States Senate, etc., must have occurred. We are of the opinion that the prohibition agents to whom the writ was directed were "civil officers," as that term is used in the search warrant statute (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f). United States v. American Brewing Co. (D. C.) 296 Fed. 772; United States v. Syrek (D. C.) 290 Fed. 820; United States v. O'Conner (D. C.) 294 Fed. 584; United States v. Daison (D. C.) 288 Fed. 199; United States v. Edwards (D. C.) 296 Fed. 512.

[2] The information is also attacked because the search warrant upon which the offense is based is not set forth hæc verba. This was

unnecessary. In the present case the search warrant had been lost and an exact copy could not be reproduced. Moreover, the rule of pleading requiring an information or indictment to set forth, hæc verba, the instruments which constitute a necessary link in the government's prosecution, should not be extended. It should be limited to those instances where the written instrument is an essential part of the offense charged, as in forgery, counterfeiting money, or threatening letters. Where the gist of the offense was resistance to an officer, the authority of the officer was an incidental fact, a link in the chain of evidence, but did not in and of itself constitute the offense.

The indictment clearly informed the defendants that they were charged with having, on a specified date and at a certain place, willfully and unlawfully obstructed, resisted and opposed certain prohibition agents who were serving a search warrant issued by a commissioner for the Eastern district of Illinois. Defendants, therefore, knew the precise nature of the offense charged, and were enabled to prepare fully any defense that existed. They are likewise enabled to plead a conviction therefor as against any subsequent prosecution. We conclude, therefore, that the indictment was sufficient.

[3] The alleged insufficiency of the proof to support the conviction presents a different question. An examination of the record shows that the search warrant, the execution of which it is claimed defendants resisted, was not offered in evidence. The commissioner testified that he issued a search warrant, and the prohibition agents testified that they had it in their possession when they met with the resistance. The proper foundation for the introduction of secondary evidence as to its contents was not laid, however, and there was no evidence as to its contents save only the presumptions that arose from its issuance.

There was, moreover, an utter absence of evidence showing or tending to show that any affidavit, by one qualified to speak was ever made. Upon this affidavit the validity of the warrant was solely dependent. The gist of the action is resistance to one serving a search warrant. There can be no unlawful resistance, unless there be a *valid* search warrant, and there can be no valid search warrant unless a proper showing is made to the court or commissioner disclosing facts which bring the petitioner within the statute. United States v. Veeder (C. C. A.) 252 Fed. 414; Jozwich v. United States (C. C. A.) 288 Fed. 831. This necessary evidence may be best furnished by the documents (the search warrant and affidavit); but, if they be lost or destroyed, secondary evidence may be received. But a proper foundation for such evidence must first be laid, and then the contents of the lost or destroyed document given. If the warrant be presented, it may contain such recitals as will greatly strengthen the presumption of regularity.

In the present case there was no evidence of any affidavit or statement upon which the warrant alone could be lawfully issued. There was no proof of the contents or the recitals of the warrant, and therefore there was a failure to establish the existence of a valid search warrant.

The judgment is reversed, and a new trial is ordered.