## TERRITORY *v.* K. KATAOKA.

## No. 1576.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED JANUARY 7, 1925.          DECIDED JANUARY 20, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CONSTITUTIONAL LAW—*searches and seizures.*

> Where a prohibition officer who, in passing the premises of defendant, detected and recognized a strong odor of mash in the process of fermentation, and, on entering said premises without a warrant, saw, through the open door of an outhouse, a still in full operation, also a quantity of intoxicating liquor, seized same and placed defendant under arrest, the action of the officer did not constitute an unreasonable search and seizure within the meaning of the Fourth Amendment of the Constitution.

EVIDENCE—*intoxicating liquor—admissibility of still and liquors seized without warrant.*

> Where a prohibition officer who, through his sense of smell, was apprised of the fact that intoxicating liquor was being manufactured on the premises of defendant, entered said premises without warrant, and, on finding a still in full operation as well as a quantity of intoxicating liquor seized the same and arrested defendant, *held* that the actions of the officer were not in violation of defendant's rights under the Fourth Amendment of the Constitution and the admission in evidence of the articles seized was not error on the part of the trial court.

OPINION OF THE COURT BY LINDSAY, J.

Defendant was charged, in the district court of Lahaina, with violating the National Prohibition Act. Before pleading to the charge, defendant moved that the district magistrate order that five gallons of liquor called "okolehao" and a still, found upon his premises and seized by the prohibition officers, be destroyed and not allowed to be used as evidence against him. In support of his

motion defendant made affidavit that one E. C. Crabbe, a Federal enforcement officer, accompanied by two police officers had, without a warrant, entered the premises and home of defendant, searched the same and seized and carried away the still and liquor, and arrested defendant, in violation of his rights under the Constitution and the Fourth, Fifth and Sixth Amendments thereof, and that it was the intention of the prosecution to use said still and liquor as evidence against defendant. The prohibition officer filed a counter-affidavit setting forth that, on the day the arrest was made, as he was riding down the street he detected and recognized a strong odor of mash in the process of fermentation, which odor came from the premises occupied by defendant; that the officer thereupon entered the premises and saw, through the open door of a small outhouse, a still in full operation, with a fire under a boiler, also a condenser, the boiler containing a large quantity of mash in the process of cooking and the condenser being still hot; that beside the boiler was found a container with five gallons of okolehao still hot; and that defendant who was present was then placed under arrest.

The district magistrate denied the motion but said that if subsequently it should be shown that these articles had been illegally obtained this ruling would be set aside and the motion granted. Defendant then pleaded not guilty and, over the objection of defendant, the prosecution was allowed to place the still and liquor in evidence. The prohibition officer testified on behalf of the prosecution, his testimony being an elaboration of the facts set forth in his affidavit, and it was stipulated by counsel that the other witnesses proposed to be offered by the prosecution would corroborate the testimony of the prohibition officer. Defendant took the stand on his own behalf, his testimony, however, being immaterial in

the consideration of the question involved in this case. Defendant was found guilty and sentenced to pay a fine. An appeal was taken to the circuit court where the case was tried without a jury. Defendant again moved for the destruction of the evidence claimed to have been illegally obtained, which motion was denied. It was then stipulated that the case be submitted on the evidence adduced and proceedings had before the district magistrate. The circuit court found defendant guilty as charged and the case comes here upon exceptions under which it is contended that the court erred in refusing to order the destruction of the still and liquor and in admitting the same in evidence against defendant.

The Fourth Amendment to the Constitution provides that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The constitutions of practically all of the states contain similar inhibitions against unreasonable searches and seizures.

Notwithstanding these constitutional provisions, until within comparatively recent times, the majority of courts have held that evidence, otherwise competent, was not rendered incompetent by reason of the fact that it had been obtained by unlawful means and parties claiming that their rights against unreasonable searches and seizures had been invaded were not, for such reasons, allowed immunity from conviction, but were compelled to seek other redress. On the theory, however, that, unless evidence illegally obtained were denied admission, the safeguard of the citizen against unreasonable searches and seizures would be rendered nugatory, many courts, in-

cluding the Supreme Court of the United States, have finally adopted the rule that, when it appears that evidence has been obtained illegally, such evidence should, upon proper application, be returned to its owner and may not be used against him. The leading case in which this rule is enunciated is that of *Weeks* v. *United States,* 232 U. S. 383. In that case the defendant was charged with using the mails for the purpose of transporting lottery tickets. Police officers went to the home of defendant during his absence and, without a warrant, entered and found certain incriminating evidence. Before the trial defendant, as in the case at bar, moved that the trial court order the return of the evidence in question. The motion was denied, the evidence admitted and defendant convicted. Upon error to the Supreme Court that court held the denial of the motion and the admission of the evidence reversible error.

Applying the rule laid down in *Weeks* v. *United States* it is apparent that, in a criminal prosecution, when timely application is made to the trial court for the return of evidence alleged to have been illegally obtained, it becomes the duty of the court to ascertain whether in fact such evidence has been illegally obtained, whether in fact the rights of the defendant against unreasonable searches and seizures have been violated, for it must be borne in mind that not *all* searches and seizures are prohibited by the Constitution. Only *unreasonable* searches and seizures are within the Fourth Amendment. "Neither our state nor the Federal Constitution directly prohibits search and seizure without a warrant, as is sometimes asserted. Only 'unreasonable' search and seizure is forbidden." *People* v. *Case,* 220 Mich. 379, 27 A. L. R. 686.

The sole question, therefore, in the case at bar, is whether the search and seizure complained of were unreasonable. "The question whether a seizure or a search

is unreasonable in the language of the Constitution is a judicial and not a legislative question; but in determining whether a seizure is or is not unreasonable, all of the circumstances under which it is made must be looked to." Annotation to 11 Fed. Stat. Ann. 354, quoted in *People* v. *Case, supra.* Under the circumstances attending the search and seizure in this case, was the prohibition officer justified in taking the steps he took? It can hardly be denied that, had the officer in passing the premises of defendant *seen* the still in operation, he would have been justified in entering the premises without a warrant and arresting defendant, for the right of an officer to arrest a person committing an offense in the presence of the officer is as old as the common law and so well established as to require the citation of no authority in support thereof. And, on principle, it is clear that if the fact that a crime is in the act of commission may be ascertained by the officer through his sense of sight, it is equally clear that the same information may be conveyed to the officer's mind through his senses of smell and hearing. In *United States* v. *Borkowski,* 268 Fed. 408, prohibition officers smêlt raisins cooking in a near-by house, which through their experience told them that intoxicating liquor was being made. They entered and finding a still in operation arrested defendant. The court in denying a motion for the return of the still said: "The rule, State and Federal, is that officers may arrest those who break the peace or commit crimes in their presence. Bishop's New Crim. Proc. Sec. 183; Byrne, Fed. Crim. Proc. Sec. 10; *Wolf* v. *State,* 19 Ohio St. 248. Byrne states that officers may avert a criminal act in the process of commission before them, either by arresting the doer or seizing and retaining the instrument of the crime" (citing authorities). "If an officer may arrest when he actually sees the commission of a

misdemeanor or a felony, why may he not do the same if the sense of smell informs him that a crime is being committed? Sight is but one of the senses, and an officer may be so trained that the sense of smell is as unerring as the sense of sight. These officers have said that there is that in the odor of boiling raisins which through their experience told them that a crime in violation of the revenue law was in progress. That they were so skilled that they could thus detect through the sense of smell is not controverted. I see no reason why the power to arrest may not exist, if the act of commission appeals to the sense of smell as well as to that of sight."

"It is settled law that a person who is committing a misdemeanor, at least if it be also a breach of the peace, in the presence of a peace officer authorized to make arrests, may be arrested by such officer without a warrant for such arrest, and it must now, in my opinion, be regarded as equally well settled that a violation of the National Prohibition Act is such a misdemeanor as justifies the arrest, without a warrant, of a person apprehended while so engaged in such violation, with the resultant right to search for and seize intoxicating liquor found in the possession of the offender at the time of such arrest; the commission of such crime being deemed to be in the presence of such officer when the latter is apprised thereof by his own senses." *United States* v. *Daison,* 288 Fed. 199, 201.

In the case of *McBride* v. *United States,* 284 Fed. 416, the facts were practically the same as in the instant case. Prohibition officers who were out looking for violators of the prohibition act came to a large enclosure on the gate of which was a sign, "Vicious Dog—Hail before Entering." Inside was a dwelling-house, and in a smaller enclosure a stable or barn at some distance from the road and dwelling. The officers entered the premises and were

proceeding towards the stable when they smelled the fumes of whisky in process. of manufacture. They entered and in a cellar below the stable found a large quantity of intoxicating liquors and a still in operation. On prosecution of the owner of the premises the defendant moved for the return of the still and other property on the ground that the same had been illegally obtained. The motion was denied and the defendant convicted. On appeal to the circuit court of the fifth circuit that court stated the question involved thus: "Can an officer, without warrant, enter upon premises whereon he is informed by his senses a crime is being committed, and, having entered, finding a crime in progress, without warrant arrest the offenders and testify as to what such entry discloses?" The court answered the question in the affirmative, saying, page 419, "The entry on these premises and into the stable was not to search for evidence, but, upon ascertaining that whisky was in process of manufacture thereon, to arrest those engaged in the commission of an offense then in progress. If an entry can be made without warrant in cases where the officers acquire information evidencing the present commission of a crime, then the use of knowledge acquired by such entry is not the use of knowledge illegally acquired. * * * At common law it was always lawful to arrest a person without warrant, where a crime was being committed in the presence of an officer and to enter a building without warrant, in which such crime was being perpetrated. * * * Where an officer is apprised by any of his senses that a crime is being committed, it is being committed in his presence, so as to justify an arrest without warrant" (citing authorities). "Therefore we are of the opinion that the entry into this stable under the circumstances of this case was legal, and that the court did not err in admitting the testimony of the officers."

Syllabus.

Under the circumstances presented by the record in this case, we are of the opinion that the actions of the prohibition officer complained of did not constitute an unreasonable search and seizure within the meaning of the Fourth Amendment. The motion for the destruction of the evidence, therefore, was properly denied, and the admission in evidence of the articles seized was not error.

The exceptions are overruled.

*E. R. Bevins,* County Attorney, County of Maui, and Deputy Attorney General, and *Wendell F. Crockett,* Deputy County Attorney, County of Maui, for the Territory.

*A. E. Jenkins* for defendant.