## DILIGANNIS v. MITCHELL.

(District Court, N. D. California, First Division. March 9, 1922.)

No. 973.

Intoxicating liquors ☞255—Commissioner cannot order return of liquor seized under search warrant.

Under the National Prohibition Law, providing that property seized under search warrant shall be subject to such disposition as the court may make thereof, a United States commissioner, who issued a warrant under that act to search for intoxicating liquor, is without jurisdiction to order the liquor seized under the warrant to be returned to claimant, and such relief can only be obtained from the court.

Petition by Bassilios Diligannis for citation for contempt against E. Forrest Mitchell for violation of an order by United States Commissioner Thomas E. Hayden. Rule to show cause discharged.

Edward A. O'Brien, of San Francisco, Cal., for petitioner.

Robert H. McCormack, Sp. Asst. U. S. Atty. Gen., John T. Williams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., all of San Francisco, Cal., for respondent.

John H. Riordan, of San Francisco, Cal., amicus curiæ.

DOOLING, District Judge. One of the commissioners of this court, upon affidavit, issued a search warrant directing the search of certain premises and the seizure of certain wine. Later, upon motion of petitioner, Bassilios Diligannis, who claimed to be the owner of the wine, the commissioner made an order directing the respondent, prohibition director of this state, whose subordinates had seized the wine by virtue of the warrant, to return the same to petitioner. Respondent, having refused to obey this order, was cited by the court to show cause

why he should not be punished for contempt because of such refusal.

Upon the return of the citation respondent justified his refusal upon the ground that the commissioner was without power to make the order in question, and that such order could only be made by the court. Such, indeed, was the decision of the District Court of the District of Massachusetts in Drug Co. v. Potter, 275 Fed. 615. The reasoning of the court in that case seems to me to be. sound. Search warrants issued under the National Prohibition Law (41 Stat. 305) are issued for the purpose of reaching violations of that act. Such violations are triable only in the District Court, and the prosecuting officers may file informations against persons charged with such violations without an examination before a commissioner, or even after the commissioner upon examination has discharged such person for lack of probable cause. The act itself declares that the property seized shall be subject to such disposition as the court may make thereof. Ordinarily such disposition will be contingent upon the result of the prosecution, or at least upon the result of such investigation as will enable the court to determine what should be done in accord with the law. If the commissioner have the power to return the property seized, he may do in this way by restoring the evidence to a defendant what he cannot do by discharging him.

There does not seem to be any power to review an order made by the commissioner restoring property thus taken by search warrant, and if erroneously made the government is without remedy. On the other hand, the claimant of the property always has the right to apply to the court for its restoration. I am therefore impelled to hold that the act means what it says, and that property seized under the National Prohibition Law can only be disposed of by order of the court.

The rule to show cause herein will therefore be discharged.