## UNITED STATES v. MADDEN.

(District Court, D. Massachusetts. April 15, 1924.)

### No. 4775.

1. **Criminal law ⬅⮞394—Evidence obtained under search warrant issued without probable cause excluded.**

   Evidence obtained under a search warrant issued without probable cause must be excluded.

2. **Intoxicating liquors ⬅⮞255—Liquor seized under unlawful warrant must be returned.**

   Liquor seized under an unlawful search warrant must be returned.

3. **Intoxicating liquors ⬅⮞253—District Court may review action of commissioner in quashing search warrant.**

   Action of commissioner in quashing a search warrant under which intoxicating liquor was seized, after taking testimony under Act June 15, 1917, § 15 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼o), to determine whether the search and seizure was illegal, is not final, but may be reviewed by the District Court.

4. **Intoxicating liquors ⬅⮞253—Conclusion of United States commissioner in quashing search warrant should be upheld, unless clearly wrong.**

   The conclusions of the United States commissioner in quashing a search warrant should be upheld unless clearly wrong.

Joseph Madden was indicted for possessing intoxicating liquors, in violation of the National Prohibition Act. On motion by defendant to exclude the evidence, and for return of the property seized. Motion granted.

The United States Attorney.

Daniel A. Shea and Leo A. Rogers, both of Boston, Mass., for defendant.

BREWSTER, District Judge. In this case the defendant was indicted for the possession of intoxicating liquors in violation of the National Prohibition Act. 41 Stat. 305, tit. 2 (Comp. St. Ann. Supp. 1923, §§ 10138½–10138½z). There was a search of the defendant's premises, and a seizure of a quantity of liquor found thereon, by virtue of a search warrant issued by a United States commissioner. The ground on which the search warrant was issued was controverted, and in accordance with the provisions of section 15 of the Act of June 15, 1917 (40 Stat. 228; Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼o) the commissioner proceeded to take testimony in relation thereto, and, after consideration thereof, he found that there was no probable cause for believing the existence of the ground on which the warrant was issued and therefore quashed it.

The commissioner has certified up to this court the testimony taken by him and reduced to writing and signed by the witnesses, as required by the provisions of said section 15. In view of Francis Drug Co. v. Potter (D. C.) 275 Fed. 615, this course would seem to be a proper one to be pursued by one who desires to controvert the ground upon which the warrant was issued and to enforce his rights in a case where the warrant has been found to have been issued without probable cause.

[1, 2] The defendant now moves in this court that all evidence obtained by the federal prohibition agents, acting under and by virtue of said warrant, be excluded at the trial upon said indictment, and for a return of the liquor seized.

The warrant could not have been issued but upon probable cause. The proposition that evidence must be excluded which has been obtained upon a search warrant issued without probable cause has been so recently, and so frequently, stated that citations are unnecessary.

It is equally well settled that the property seized on an unlawful warrant must be returned. U. S. v. Vigneaux (D. C.) 288 Fed. 977, and cases cited.

[3] The defendant contends that the action of the commissioner in quashing the warrant is final, and that this court has no authority to review the commissioner's findings. In other jurisdictions there has been a conflict between the cases upon the question as to whether the District Court may review the findings of the commissioner. See U. S. v. Maresca (D. C.) 266 Fed. 713, to the effect that the District Court is without power to review, and U. S. v. Casino (D. C.) 286 Fed. 976, holding that it has such power.

The decision in U. S. v. Casino, supra, seems to have the better support of the authorities and is the later decision. It holds that the commissioner is a ministerial or quasi judicial officer of the court, and that his conduct can at any time be taken over and reviewed by the court of which he is an officer.

[4] I am inclined to follow the later views, as expressed by Judge Learned Hand in U. S. v. Casino, supra, and have therefore felt at liberty to review the action of the commissioner upon the record before me, with a view of determining whether, on the evidence submitted, the commissioner was warranted in finding that the search and seizure were illegal and in violation of the rights of the defendant. I feel, however, that, as in the case of master, referee, or other ministerial officer of the court, the conclusions of the commissioner should be upheld, unless clearly wrong.

After considering the testimony introduced before the commissioner and certified up by him, I have had no difficulty in arriving at the conclusion that he was entirely warranted in his findings. Therefore the motion of the defendant to exclude the evidence and for a return of the property will be allowed.

As this opinion deals with a question of procedure, I have submitted it to Judges MORTON and LOWELL, and I may add that they both concur in it.