UNITED STATES v. EPHRAIM. SAME v. LEVINE. SAME v. PAQUIN.

(District Court, D. Rhode Island. March 19, 1925.)

Nos. 1987, 1992, 1995.

1. Searches and seizures ⟨⟩3—Commissioner's determination of questions of fact affecting probable cause not reviewable, as are his decisions on questions of law.

Commissioner's determination of questions of fact tending to show probable cause for issuance of search warrant are not reviewable, as are his decisions on questions of law.

2. Intoxicating liquors ⟨⟩249—Provisions of Espionage Act entitling claimant of property seized to hearing on question of probable cause apply to proceedings under Prohibition Act.

Notwithstanding Espionage Act, tit. 11, §§ 15–17 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼o–10496¼q), contain matter inconsistent with National Prohibition Act, which by title 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), declares that search warrant may issue as provided in Espionage Act, tit. 11, § 15, requiring commissioner, when grounds on which warrant was issued are controverted, to take testimony affecting question whether there was probable cause, and whether property seized described in warrant, such sections of Espionage Act apply to proceedings under National Prohibition Act, and entitle claimant of property seized to hearing before commissioner on such matter.

3. Searches and seizures ⟨⟩3—Question of existence of probable cause for issuance of search warrant can be raised only by appropriate proceeding before commissioner.

Question whether probable cause for issuance of search warrant existed can be raised only by person from whom property was taken or owner thereof in proceeding before commissioner to quash warrant.

4. Intoxicating liquors ⟨⟩255—Contraband liquor seized under warrant improvidently issued should not be returned.

Commissioner, on finding that search warrant under which liquor was seized was improvidently issued, has no authority to order return of liquor, but should order it held to be otherwise disposed of according to law.

5. Intoxicating liquors ⟨⟩244—Search and seizure, as preliminary proceeding in rem, is distinct from complaint and warrant, and from proceedings to determine probable cause.

Search and seizure is preliminary proceeding in rem looking to destruction of liquors seized, and should be distinguished from complaint and warrant charging offense, and from proceeding before commissioner to determine probable cause.

6. Criminal law ⟨⟩692—Failure to take appropriate proceedings controverting grounds on which search warrant was issued waives right.

Failure by appropriate proceedings before commissioner to seasonably controvert grounds on which search warrant was issued may be taken as waiver of right, in view of Espionage Act, tit. 11, § 17 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼q).

Samuel Ephraim, Louis Levine, and Ed. J. Paquin were separately charged with unlawful possession of intoxicating liquors. On motion to quash search warrant and suppress evidence obtained by search and seizure. Decision on motion deferred, pending report of commissioner.

Harold A. Andrews, Asst. U. S. Atty., of Providence, R. I., for the United States.

Daniel T. Hagan and Rosenfeld & Hagan, all of Providence, R. I., for defendants.

MORRIS, District Judge. The defendants were called for trial upon criminal informations charging them with the possession of intoxicating liquor. As the three cases depended upon the same evidence, they were to be tried together.

Before calling the jury, a motion was made to quash the search warrant and for the suppression of the evidence obtained by the search and seizure. The motion is as follows:

"Now comes the defendant in the above-entitled cause, and relying upon section 15 of the Act of June 15, 1917 (40 Stat. 228), and also upon authority of United States v. Madden (D. C.) 297 F. 679, moves that the search warrant, by authority of which certain liquors to be used as evidence against the defendant were seized, be quashed, and that all evidence obtained under said search warrant be suppressed, and the defendant says that there existed no probable cause for the issuance of said search warrant, and herewith controverts the grounds on which the warrant issued."

The warrant was issued March 19, 1924, by Commissioner Henry C. Hart upon a sworn affidavit of one Angelena Bebo, a young woman in no way connected with the Prohibition Department, that on the 18th of March, 1924, she made a personal visit to Parker's Garage, in the rear of the Woonsocket Hotel, on Market Square, Woonsocket, R. I., and saw an automobile truck loaded with cases labeled "Whisky" drive into said garage and shortly thereafter drive out of said garage empty; that the truck proceeded to this garage from an alley leading between Pleasant and Oak streets, Woonsocket, where she had just previously seen it loaded with cases marked "Whisky."

Upon this evidence a search warrant was issued, authorizing the search of a "build-

ing known as Parker's Garage, so called, in the rear of the Woonsocket Hotel, which hotel is on Market Square, in Woonsocket, R. I."

The warrant was executed by John I. Way, a federal prohibition agent, on the same day it was issued, who made return that he found and seized the following intoxicating liquors, to wit: Usher's Green Stripe whisky, 55 cases; White Label whisky, 23 cases; Peter Dawson whisky, 31 cases; White Horse Cellar whisky, 126 cases; Canadian Club whisky, 17 cases; Old Tom gin, 8 cases; John De War, 19 cases; Bocardy rum, 9 cases; Spikesville whisky, 18 cases; McCallum Perfection whisky, 90 cases; Atherton whisky, 24 cases; cognac, 15 cases; White Ball rum, 1 case; wine drops, 1 case; Nickelson gin, 2 cases; alcohol, 40 cases; beer, 33 cases; Canadian ale, 12 cases; Fleishman's Rye whisky, 321 cases.

The search warrant appears to have been valid upon its face and to have been properly executed.

Counsel for the defendant asks the court to hear and determine the question of whether or not the search warrant was issued upon probable grounds, claiming that he was denied a hearing before the commissioner and deprived of his rights under sections 15, 16 and 17 of title 11 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼o–10496¼q).

[1] I have heretofore consistently ruled that I would not review the decision of a commissioner upon a pure question of fact. I think a commissioner, in determining questions of fact tending to show probable cause, acts in a judicial capacity, and that his acts, in so far as they involve questions of fact, are not reviewable by the court. They may be reviewed on questions of law. This is in accordance with my understanding of the rule laid down in Giles v. United States (C. C. A.) 284 F. 208.

The government has argued that the sections above mentioned contain many provisions inconsistent with the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and that it was never intended they should be applicable thereto.

[2] I am not prepared to read out of the Espionage Act section 15, which provides that, "if the grounds on which the warrant was issued be controverted, the * * * commissioner must proceed to take testimony in relation thereto," for the purpose of ascertaining if the property seized is the same as that described in the warrant, and

8 F.(2d)—33

of determining whether there was probable cause for believing the existence of the grounds on which the warrant was issued.

It is contended by counsel for the government that section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m) provides that a search warrant may issue as provided in the Espionage Act, and that as sections 15, 16, and 17 of the Espionage Act deal with matters subsequent to the return of the warrant, and have nothing to do with its issue, there is no authority for reading them into the act.

It appears to me, however, that so far as applicable the provisions of those sections must be followed. It is true that section 16 contains provisions inconsistent with the Volstead Act, but they provide one of the steps required to be taken if the grounds on which the search warrant is issued are controverted. The claimant or person from whom the property is seized is given a day in court, the warrant in the first instance being issued ex parte, and has a right to the independent judgment of the commissioner issuing the warrant if desired. The judge, who may be called upon later to try offenders from whom the seizure was made, cannot substitute his judgment on a question of fact so raised for that of the commissioner.

[3] However, the question before the commissioner should be raised by an appropriate proceeding. It can be raised only by the person from whom the property is taken or the owner thereof in a proceeding seeking to quash the search warrant.

[4] I think it fairly well settled that a commissioner has no authority to order the return of the liquors seized, and if upon hearing the commissioner finds the search warrant has been improvidently issued, it is his duty to order any contraband goods held to be "otherwise disposed of according to law." To this extent I agree with opinion in United States v. Madden (D. C.) 297 F. 679.

[5] The search and seizure is a preliminary proceeding looking to the destruction of the liquors seized, and is really a proceeding in rem. The proceeding in rem should be distinguished from a complaint and warrant charging an offense, and from the proceedings thereon before a commissioner to determine probable cause. While the two are related in so far as one may be dependent for evidence on the other, yet they are separate and distinct proceedings. Action by a defendant under section 15 of

the Espionage Act belongs to the proceeding in rem, and, if probable cause under the search warrant "be controverted," it should be by the claimant of the property seized in an appropriate proceeding in rem.

In the instant case it is represented by counsel for the defendants that they have been denied a hearing by the commissioner. Assuming this to be true, I do not think it is for me to substitute my opinion on the evidence for that of the commissioner. Neither do I care to rule upon the admissibility of the evidence obtained by the search and seizure until I have received a report from the commissioner as to what proceedings were taken before him, if any, under section 15, to which reference is made.

[6] If counsel for the defendant did not by appropriate proceedings seasonably controvert the grounds upon which the search warrant was issued, I think it may very properly be held that the right is waived. Section 17 of the act appears to so indicate. See U. S. v. McKay (D. C.) 2 F.(2d) 257.

The commissioner will be called upon to report what proceedings were had before him before I will pass upon the defendant's motion for the suppression of evidence in the cases before me for trial.

If the commissioner's files and report show that the defendants were denied a hearing, a further hearing in a proceeding in rem before him will be suggested.