## UNITED STATES ex rel. FINCH v. ELLIOTT, United States Commissioner.

(Circuit Court of Appeals, Ninth Circuit. April 27, 1925.)

No. 4446.

1. **Intoxicating liquors 249—Commissioner exercises judicial power in finding probable cause and issuing warrant.**

Commissioner, in finding probable cause for issuance of search and in issuing warrant, exercises judicial power granted by National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and Act June 15, 1917, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.).

2. **Certiorari 5(I)—Writ not granted where relator has adequate remedy by appeal or otherwise.**

Writ of certiorari will not be granted where relator has a plain and adequate remedy by appeal or otherwise.

3. **Intoxicating liquors 253—Certiorari held not available for review of proceedings of commissioner in issuing search warrant.**

Certiorari is not available to review proceeding of United States commissoner in issuing a search warrant at instance of relator; who claims that there was no showing of probable cause to believe that petition was violating National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and that warrant directed search and seizure of documents not particularly described, since relator's remedy under Rev. St. § 1014 (Comp. St. § 1674), National Prohibition Act, tit. 2, § 2 (Comp. St. Ann. Supp. 1923, § 10138½a), and Act June 15, 1917, tit. 11, §§ 3, 6, 11, 13, 15, 16 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼c, 10496¼f, 10496¼k, 10496¼m, 10496¼o, 10496¼p), is right to controvert grounds on hearing before commissioner and proceedings for restoration of property seized if not prescribed in warrant or if there was no probable cause.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Certiorari by the United States, on the relation of J. L. Finch, against H. S. Elliott, a United States Commissioner for the Western District of Washington. Writ denied

by District Court (3 F.[2d] 496), and relator appeals. Affirmed.

This is an appeal by Finch from an order of the District Court denying petition for writ of certiorari to review the proceedings of United States Commissioner Elliott for the Western District of Washington in issuing a search warrant for search of premises and seizure of intoxicating liquor and papers and memoranda. The petition alleges that on November 21, 1924, one Corwin, claiming to be a federal prohibition agent for the state of Washington, complained against relator Finch, and others, charging violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and praying for a warrant for the search of the offices of Finch in room 1026, L. C. Smith Building, Seattle, and of the furniture, safes, receptacles, cabinets, desks, and equipment of such offices; that thereupon Elliott, acting wholly in excess of jurisdiction, issued a warrant for the search of the offices of relator; that before the issuance of the warrant no showing of probable cause supported by affidavit was made, nor were any facts set forth tending to establish grounds for the application, or probable cause for believing such grounds existed, except by affidavits attached to the complaint; that under and by virtue of the color of authority conferred upon them by said warrant, Corwin and others entered the offices of the relator at rooms 1025 and 1026 in the L. C. Smith Building, and over his protests made search of his offices and of the safe, desks, files and papers, and equipment therein, and took and carried away therefrom certain papers and files; that relator is a lawyer of years of practice, and has kept in his possession valuable memoranda, papers, files, letters, receipts, bills, and other papers of importance, some of which belong to him personally, and some of which belong to clients; that no intoxicating liquor was found in his offices, nor has any been kept there for sale; that the whole proceeding was oppressive and a subterfuge to gain unlawful advantage, and was a clear abuse of the process; that unless the papers seized are impounded, those who hold them will make unlawful use thereof to the irreparable harm of relator; that relator is without any plain, speedy, or adequate remedy in the ordinary course; that he believes that no return will be made to the warrant within the time prescribed by law or within any reasonable time and that no hearing or motion to quash the warrant or of the facts or bases for the issuance of such warrant, if

controverted before the respondent, could or would be heard within such period of time as will prevent irreparable injury to relator.

In the application and affidavit for the warrant, Corwin set forth that he was a federal prohibition agent; that Finch and others named, proprietors and employees, on November 17, 1924, and thereafter, were possessing and selling intoxicating liquor for beverage purposes; that the premises are not a dwelling house or private residence: that affiant has heard the persons named state that the premises were their offices; that the premises are described as room 1026, L. C. Smith Building, and connecting rooms, in Seattle, "including all furniture, safes, receptacles, cabinets, desks and equipment and on the premises used, operated and occupied in connection therewith and under control and occupancy of said parties." Affiant prayed that search warrant issue directing and authorizing a search of the persons of the named persons, and of the premises described, and seizure of any and all of the described property and intoxicating liquor, materials, containers, papers, and means of committing the crime aforesaid. By a supporting affidavit, Corwin also set up that in July, August, and September, at Seattle, he had heard Finch state that he had intoxicating liquor on the premises described and had heard Finch and two others arrange for the traffic of intoxicating liquor, and that "the books and documents relating to said intoxicating liquor were in said premises," and that he had heard some of the parties make arrangements with "reputed bootleggers" to transact business in the premises "relating to the sale, transportation and possession of intoxicating liquor."

Elliott, as United States commissioner, issued the search warrant, in the name of the President, addressed to the marshal of the United States for the Western district of Washington and to his deputies or either of them, and to any federal prohibition officer of the state of Washington, and to the Commissioner of Internal Revenue, his assistants, deputies, agents, or inspectors. The warrant, after reciting that whereas the commissioner is satisfied of the existence of the grounds for the application, and that there is probable cause to believe their existence commands the officials to enter the premises in the daytime or nighttime and diligently investigate and "search the same and into and concerning said crime, and to search the person of said above-named persons, and from him or her, or from said premises, seize any and all of the property, documents, papers and materials so used in or about the commission of said crime, and any and all intoxicating liquor and the containers thereof, and then and there take the same into your possession, and true report make of your said acts as provided by law." The record contains receipts given by Corwin to Finch for a large number of documents, among which are letters, income tax returns, receipts, abstracts of title, deeds for property, memoranda, telephone bills, all taken by virtue of the search warrant.

J. L. Finch, of Seattle, Wash., in pro. per.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] Appellant has argued the relationship of a commissioner to the courts, and what is the grant of power under which he acts in issuing a search warrant and holding a hearing after seizure made. But upon that question we need go no further than to express the opinion that a commissioner in finding probable cause and issuing a search warrant exercises judicial power granted directly to him by Acts of Congress known as the National Prohibition Act (St. L. 1919 [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]) and the Espionage Act (title 11, Act June 15, 1917, 40 St. L. 217, 228 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.]).

[2, 3] We may say, too, that if the allegations of the petition of Finch presented to the District Court are well founded, the issuance of the warrant directing search and seizure of papers and documents, none of which is particularly described, and the seizure of the documents, papers, and memoranda under the asserted authority of the warrant, present questions of unusual importance. On the other hand, if appellant Finch has a plain and adequate remedy by appeal or otherwise, the writ of certiorari will not be granted, and that he has a clear remedy seems apparent. Under section 2, tit. 2, National Prohibition Act, supra (Comp. St. Ann. Supp. 1923, § 10138½a), section 1014 of the Revised Statutes (Comp. St. § 1674) is made applicable to the enforcement of the Prohibition Act, and a commissioner, being an officer mentioned in section 1014, is authorized to issue search warrants under the limitations of title 11 the Espionage Act, already cited. One of the

grounds upon which search warrant may issue is: When the property sought has been used as a means of committing a felony, in which case it may be taken on the warrant from any house or any place in which it is concealed, or from the possession of the person by whom it was used in the commission of the offense, or by any other person in whose possession it may be. Section 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼c) prohibits the issuance of a search warrant, but upon probable cause supported by affidavit, "naming or describing the person and particularly describing the property," and the place to be searched. Section 6 (section 10496¼f) provides that if the commissioner is satisfied, after examination of the affidavits or depositions filed, of the existence of the grounds of the application, or that there is probable cause for believing their existence, he must issue a search warrant to a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof, stating the particular ground or probable cause for its issuance, * * * and commanding him forthwith to search the person or place named "for the property specified" and to bring it before the judge or commissioner. By section 11 (section 10496¼k), the search warrant must be executed or returned to the judge or commissioner within ten days after its date, and after the expiration of such time the warrant, unless executed, is void. By section 13 (section 10496¼m), the officer is required to return the warrant to the commissioner. · Sections 15 and 16 (sections 10496¼o, 10496¼p) lay down the procedure where, if the grounds upon which the warrant has been issued are controverted, the duty of the commissioner is to take testimony in relation thereto and requiring the testimony of each witness to be reduced to writing and subscribed by each witness. Furthermore, if it appears that the property or paper seized is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, then the commisioner must cause the property or paper to be restored to the person from whom it was taken; but if it appears that the property or paper is the same as that described in the warrant, and that there is probable cause for believing the existence of the grounds upon which the warrant was issued, then the commissioner shall order the same retained in the custody of the person seizing it or to be otherwise disposed of according to law.

These several sections and provisions are explicit, and when construed in connection with the Fourth Amendment, they not only define the limits of the power of the commissioner · in issuing a search warrant, but they also clearly imply that one may go before the commissioner and controvert the grounds upon which the warrant was issued, and, if it appears that the property or paper which has been seized is not that which was described in the warrant, or that there was no probable cause for believing the existence of the grounds upon which the commissioner issued the warrant, may have such property or paper restored to him by order of the commissioner.

Appellant herein advances no sufficient reason for not having followed the course outlined. He therefore makes no cause for the issuance of a writ of certiorari.

The order is affirmed.