## UNITED STATES v. NAPELA.

District Court, N. D. New York. September, 1928.

Oliver D. Burden, U. S. Atty., and Dean P. Taylor, Asst. U. S. Atty., both of Syracuse, N. Y.

Irving K. Baxter, of Utica, N. Y., for defendant.

COOPER, District Judge. The defendant seeks to review the action of United States Commissioner Hampton, of Utica, N. Y., in denying defendant's application to controvert the grounds on which the search warrant was issued under which intoxicating liquors were seized from the defendant's possession.

Upon affidavit laid before the commissioner he issued the search warrant in question. The return shows that, upon its execution by prohibition agents, certain intoxicating liquors were taken from defendant's custody or possession. Upon defendant's arrest, charged with unlawful possession of intoxicating liquors under the National Prohibition Law, he waived examination before the commissioner and gave bail to appear in the District Court to answer the charge. Subsequently, and before any information was lodged against him in the District Court, the defendant appeared by counsel before the commissioner and sought to controvert the grounds on which the search warrant was issued; in other words, to quash the search warrant.

The commissioner denied his application, on the ground that, the defendant having waived examination and been held to await the action of the court, the commissioner no longer had jurisdiction to entertain such proceedings. The defendant asks the court to review this decision of the commissioner and to direct him to entertain such proceedings.

The National Prohibition Law provides in title 2, § 25 (27 USCA § 39):

"A search warrant may issue as provided in sections 611 to 631, and 633 of title 18, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the Court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the Court shall otherwise order. * * * The property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process."

Section 611 of title 18 USCA (the Espionage Act as enacted in 1917) provides for the issuance of the search warrant by a United States District Judge, a United States commissioner, or a state magistrate. Sections 611 to 624 regulate the service, issue, execution, and return of the search warrant, the making and service of the inventory of the articles seized thereunder, etc. Sections 625 and 626, the sections particularly involved in this proceeding, are as follows:

"625—*Taking Testimony.* If the grounds on which the warrant was issued be controverted, the judge or commissioner must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and subscribed by each witness.

"626—*Restoration of Property Taken; Retention of Custody of Property by Officer or Other Disposition.* If it appears that the property or paper taken is not the same as that described in the warrant or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause it to be restored to the person from whom it was taken; but if it appears that the property or paper taken is the same as that described in the warrant and that there is probable cause for believing the existence of the grounds on which the warrant was issued, then the judge or commissioner shall order the same retained in the custody of the person seizing it or be otherwise disposed of according to law."

A brief reference to the character of the office of United States commissioner may be helpful. The general authority of the

commissioner is set forth in Revised Statutes, § 727 (section 270 of the Judicial Code; section 392, title 28 of the United States Code Annotated). The collation of the statutes relating to the various functions of the commissioners may be found in the note to U. S. v. Hom Hing (D. C.) 48 F. 635. There it appears that the powers of the United States commissioner are in most respects the same in federal matters and offenses as are the powers of the justices of the peace in the state in felony offenses against the laws of the state. The commissioner is not a judge or a court, and does not hold court. Todd v. U. S., 158 U. S. 278, 15 S. Ct. 889, 39 L. Ed. 982; U. S. v. Tom Wah (D. C.) 160 F. 207; U. S. v. Jones (D. C.) 230 F. 262, 264. The commissioner is "an adjunct of the court, possessing independent, though subordinate, judicial powers of his own." Grin v. Shine, 187 U. S. 187, 23 S. Ct. 101, 47 L. Ed. 130. The commissioner is a "quasi judicial officer." Chin Bak Kan v. U. S., 186 U. S. 193, 22 S. Ct. 891, 46 L. Ed. 1121; Ocampo v. U. S., 234 U. S. 91, 34 S. Ct. 712, 58 L. Ed. 1231.

■ In determining the existence of probable cause, he exercises a discretion judicial in its nature. Veeder v. U. S. (C. C. A.) 252 F. 414; U. S. v. Elliott (C. C. A.) 5 F.(2d) 292. He undoubtedly exercises like discretion, judicial in its nature, when he entertains a proceeding to controvert the ground on which the search warrant was granted, and decides whether or not there is probable cause for believing the existence of the ground on which the search warrant was issued. But at both times, and at all times, his power is granted by sections 625 and 626 of title 18, and limited by title 2, § 25, of the Prohibition Law. He has no inherent or common-law power with reference to issuing or quashing search warrants. U. S. v. Jones (D. C.) 230 F. 262, 265, supra.

■ It must be kept in mind that ordinarily the function of the commissioner, like that of the justice of the peace, in a felony case, is confined to the case in its preliminary stages. Both alike are committing magistrates, or officers having to do with the defendant only between the time of his arrest and the time of the transfer of the case to the trial court. Todd v. U. S., 158 U. S. 278, 283, 15 S. Ct. 889, 39 L. Ed. 982; Collins v. Miller, 252 U. S. 364, 369, 40 S. Ct. 347, 64 L. Ed. 616.

■ The power of the commissioner to issue a search warrant lies, also, in the preliminary stage. After the formalities of title 18 relating to the execution, return, etc., of the search warrant, have been complied with, the commissioner has no power or function of any kind, except under sections 625 and 626, unless the defendant is brought before him for preliminary examination on a criminal charge arising from the possession of the things seized under the search warrant. When the defendant thus charged has been held after examination to await the action of the court, or has waived examination and been so held, the commissioner, like the justice of the peace in a felony case, has no further power or authority in the matter, unless sections 625 and 626 expressly so provide. There is no express provision in either section continuing the power of the commissioner beyond the preliminary stage in such case, and nothing therein contained from which such inference may be reasonably drawn.

All the sections contained in title 18 of the United States Criminal Code, relating to the issue of a search warrant by the commissioner, including, of course, sections 625 and 626, seem to be in harmony only if the power granted to the commissioner to inquire, after its execution, into probable cause for the issue of the search warrant, be construed as relating to the preliminary stages of the criminal prosecution, whenever there is such criminal prosecution. Not only is this so when the function of the commissioner in its historical aspect is considered, but this is the reasonable, if not necessary, inference from section 627, which relates to the prompt filing of the search warrant and records with the clerk of the court having jurisdiction to inquire into the offense in respect to which the warrant was issued. U. S. v. Ephraim (D. C.) 8 F.(2d) 512.

It is apparent from sections 625 and 626 that their purpose, apart from the later limitations of the Prohibition Law, is to give persons from whom things are seized under a search warrant prompt remedies in the preliminary stages, viz.: (1) The return of the articles seized, if they were not the things described in the warrant, or if there was no probable cause for the issuance of the search warrant; and (2) a determination by the commissioner that the things seized were not intended to be seized, or were not lawfully seized, and that, therefore, no evidence thereof can be offered by the government on the examination of the defendant *before him*, or any other commissioner before whom the case may be brought, on the criminal charge, if any, based on the possession of the seized

articles. The first is expressly stated, and the second is a necessary consequence of the first.

If the powers granted in sections 625 and 626 were not given to the commissioner who issued the search warrant, the accused could not have the return of property, either that not intended to be seized, or that unlawfully seized, or a determination by the commissioner, on the examination by him or by any other commissioner before whom the defendant may be taken, whether the seized articles were competent or incompetent evidence against him.

True, application may be made to the court, as hereinafter shown, and the court can determine the legality of the seizure and the competence of the seized articles as evidence for the trial of the accused; but this may be done only when a court is in session, and, in the meantime, the accused might unjustly languish in jail, awaiting a term of the court, because of the inability of the defendant to furnish bail or inability to have the evidence against him on the examination before the commissioner confined to competent evidence.

It is true that power to take proof on the question of probable cause for the issue of the search warrant and to quash the warrant is not given to the commissioner in the issuance of search warrants under any other provision of law, viz. to search for counterfeit money, smuggled goods, or property used for violation of the internal revenue laws.

These are, however, statutes of long standing, and the search is limited to specific articles or kinds of articles. Title 18 (USCA §§ 611–633) was enacted as the Espionage Act of June 15, 1917, just after the United States entered into the World War. The statement of articles for which search might be made under the Espionage Act was very broad, and covered, among other things, any property or papers which might be used to aid a foreign government. The very breadth of the power of search under the Espionage Act doubtless caused the remedial provisions of sections 625 and 626 of title 18 to be given place in the act.

The power of the commissioner, given to him in section 626 to title 18 (section 16, title 11 of the Espionage Act), to order the restoration of the seized articles, has been taken from him, so far as the restoration of intoxicating liquors is concerned, by title 2, § 25, of the National Prohibition Act, which provides that such liquors shall be held "subject to such disposition as the court may make thereof." U. S. v. Madden (D. C.) 297 F. 679; Francis Drug Co. v. Potter (D. C.) 275 F. 615; In re 191 Front Street (C. C. A.) 5 F.(2d) 282; Diligannis v. Mitchell (D. C.) 279 F. 131; U. S. v. Ephraim (D. C.) 8 F.(2d) 512, 513.

This leaves the power of the commissioner confined to only one of the two things he could otherwise determine, viz. the competency of the seized goods as evidence before him, or any other commissioner, on the examination of the defendant upon the charge of unlawful possession of intoxicating liquors under the Prohibition Law. That the power of the commissioner to take proof of probable cause under these sections, as limited by section 25 of the National Prohibition Law, relates only to the use of the seized liquors as evidence by the government against the defendant for violation of the National Prohibition Laws, must be evident, for it can have no other purpose. In re 191 Front Street, 5 F.(2d) 282, 286 (C. C. A. 2d).

The Circuit Court of Appeals there said, with reference to the action of the commissioner in vacating the search warrant, which action, however, was reversed by the District Court: "With this case in the preliminary stages to the determination of the guilt of the plaintiff in error in the District Court, the seizure of the liquors and records on the search warrant must be regarded as intended to be used as evidence of crime." In that case no one had been arrested, and the motion was made by one who claimed to be the owner of the seized articles.

There can be no reason for the commissioner to determine the competency of the seized articles as evidence against the defendant, and he has no power in the matter, if there is to be no examination of the defendant, either because the defendant is never brought before him, or has waived examination when brought before him. U. S. v. McKay (D. C.) 2 F.(2d) 257. In the last case the defendant was not taken before the commissioner at all. He was arraigned in court upon an information filed directly therein. The defendant thereupon applied to the United States commissioner to controvert the grounds upon which the search warrant was issued. This application was made 13 days after the execution of the search warrant. The commissioner declined to grant the relief prayed, because the case was no longer within his jurisdiction. The court upheld the commissioner and said: "It is wholly inconsistent with recognized rules of legal procedure that a commissioner,

after a case has been removed from his jurisdiction, can determine what evidence may and what may not be presented in court."

There can be no reasonable distinction upon this point between a case which never was before a commissioner and one which had been before a commissioner and had passed from him when the defendant waived examination. Where the defendant is arrested, charged with unlawful possession, it should be clear that a construction of the power granted to the commissioner under section 625 of title 18, and title 2, § 25, of the Prohibition Law, as a continuing one, and not confined to the preliminary stage, a construction which would permit a proceeding to controvert the search warrant to be brought before him at any time, and without limit of time, would be a very strained and unwarranted construction. As was said in U. S. v. McKay (D. C.) 2 F.(2d) 257, supra, such power might, under any such construction, be exercised after trial and conviction.

It might also be exercised when a case, after much preparation for trial and subpœnaing of witnesses, is moved for trial. A motion then made to postpone the trial, in order that defendant, or one of many defendants, might controvert before the commissioner the grounds on which the search warrant was issued, could hardly be denied, despite all the delay, expense, and interference with the work of the court which such a postponment would involve, if the right and power were continuing ones, unless the defendant were held to have waived the right, because not seasonably asserted.

The holding in U. S. v. Ephraim (D. C.) 8 F.(2d) 512, relied upon by counsel for the defendant to support the contention that the defendant may at any time controvert the search warrant, seems to have been misinterpreted by counsel. In that case the court said: "If counsel for the defendant did not by appropriate proceedings *seasonably controvert* the grounds upon which the search warrant was issued, I think it may very properly be held that the right is waived. Section 17 [now section 627 of title 18] appears to so indicate. See U. S. v. McKay (D. C.) 2 F.(2d) 257."

The decision seems to be in harmony with the McKay Case. If, however, the court in the Ephraim Case meant by other statements in the opinion that seizure of liquors under a search warrant is preliminary to a proceeding in rem in court looking to the destruction of the liquors to such an extent that the commissioner has continuing and unlimited power, independent of the criminal case, in other words, that the seizure is not primarily for the purpose of obtaining evidence for use in a criminal prosecution, then that case must be deemed to be overruled in so far as this circuit is concerned by the case of In re 191 Front Street (C. C. A.) 5 F.(2d) 282, supra.

Such seizure could only be deemed a proceeding preliminary to a libel in rem for the forfeiture and destruction of the liquor independent of the criminal case, if no person were found in possession of the liquors and no person were arrested and charged with their unlawful possession. We have no such case here, and such contention is academic as far as this motion is concerned. If any person is arrested as the result of the seizure, the preliminary in rem proceeding (if the seizure be such) must be deemed to merge into, or be subordinated to, or suspended during, the criminal prosecution. In such prosecution the court, in case of conviction, has ample power under title 2, § 25, of the National Prohibition Law, to order a summary destruction of the liquors without any formal libel proceedings therefor. Not only does the court have ample power, but the exercise by the court of the power of summary destruction of the seized liquors is both mandatory and exclusive. There is no place for any separate proceeding in rem. No phase of the seizure in the proceedings at bar, therefore, can, at this stage, at least, be a proceeding in rem in any respect, or preliminary thereto, and if the defendant is convicted, or pleads guilty, there can never be any separate proceeding in rem relating to the seized liquors.

The discussion heretofore has related chiefly to the power of the commissioner under the statutes referred to. The defendant must also be defeated on the ground of waiver. The defendant has waived whatever right and privilege is granted by sections 625 and 626, as modified by title 2, § 25, of the Prohibition Law. When a person is granted a right to be asserted in a tribunal, and he neglects to assert that right while before such tribunal, he must be deemed to have waived that right. This should also be so when a person is granted a right to be asserted before a quasi judicial officer vested with certain judicial discretion, and fails to assert that right while before such officer. Such a right is a statutory right, irrespective of its duration and may undoubtedly be waived like other statutory rights. Diaz v.

U. S., 223 U. S. 442, 32 S. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C, 1138; Garland v. Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. Ed. 772; Devine v. People, 20 Hun (N. Y.) 98; People v. Welsh, 88 App. Div. 65, 84 N. Y. S. 703; U. S. v. McKay, supra; U. S. v. Ephraim, supra.

It is also true in some jurisdictions that a waiver of examination by a defendant is equivalent to an admission of probable cause. 16 Corpus Juris, § 566(b); Hannan v. Doherty, 136 Mass. 567; Hess v. Oregon, etc., 31 Or. 503, 49 P. 803. While this doctrine of waiver of examination as an admission of probable cause relates particularly to the criminal charge, why is not waiver of examination of a charge of unlawful possession of intoxicating liquors also an admission of probable cause for believing that the defendant possessed intoxicating liquors, for that, and no other, is the ground on which the search warrant issues? Admission of probable cause to believe the defendant committed the crime of unlawful possession cannot be distinguished from admission of probable cause to believe that he unlawfully possessed, as a basis for issuance of search warrant. Having admitted such probable cause, he cannot, therefore, challenge it before the commissioner.

The true construction, then, of sections 625 and 626 of title 18, U. S. Code, as restricted by title 2, § 25, of the National Prohibition Law, is that the commissioner has the power granted by sections 625 and 626 as long as the arrested defendant is before him awaiting examination. But when the defendant waives examination, or is held for the court by the commissioner after the examination, or the case otherwise comes into the District Court, and the defendant has not applied to the commissioner under section 625, not only has the defendant waived his rights under 625, but the commissioner no longer has jurisdiction to make such inquiry.

█ The statutory rights granted by sections 625 and 626 must not be confused with the constitutional guaranties of the Fourth and Fifth Amendments to the Federal Constitution. Sections 625 and 626 were not enacted until 1917, but the rights granted by the Fourth and Fifth Amendments have existed since the adoption of these amendments. It is the duty of the courts to enforce these constitutional rights, but the commissioner has no power in respect thereto.

The defendant's right to inquire into the legality of the seizure, and the competence of evidence against him of the things seized, is not confined to the rights given by section 626, nor limited to application to the commissioner, even while the commissioner has jurisdiction or authority. Independent of statute, the defendant may apply to the court, but not to a commissioner, for inquiry into probable cause for the issuance of the search warrant, the legality of the seizure, whether with or without search warrant, the competence of the seized articles as evidence, and for an order directing the return of the seized articles. All this is in the enforcement of the constitutional rights of the defendant. This, unlike the power granted to the commissioner under sections 625 and 626, is a continuing one. Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652; Silverthorne v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Amos v. U. S., 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Agnello v. U. S., 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; In re 191 Front Street (C. C. A.) 5 F.(2d) 282; U. S. v. Harbin (D. C. Miss.) 27 F.(2d) 892.

█ Even the constitutional right to move for a return of property illegally seized, and to object to evidence obtained and offered in violation of the Fourth and Fifth Amendments, may be impaired, if not lost, when not seasonably asserted. Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652; U. S. v. O'Dowd (D. C.) 273 F. 600.

The decision of the commissioner was right.

The contention of the government counsel has not been overlooked that the National Prohibition Law, in providing that search warrants might issue as specified in the Espionage Law (title 18), should not be construed to include the regulations or machinery therein provided to follow the execution of the search warrant, because section 26 of the latter law is so clearly inconsistent with section 626 of title 18 as to negative any such construction.

The contention is that, because of that inconsistency, the machinery of sections 625 and 626, in so far as they relate to procedure after the execution of the search warrant, has no place in the Prohibition Law, as it has no place in the customs, internal revenue, and other laws. While there is some foundation to support such contention, it is not necessary to decide this question, as the decision runs in favor of the government on other grounds.

█ It may be noted, also, in view of the oc-

casional misunderstanding on the subject, that in a proceeding before the commissioner under section 625, to controvert the grounds upon which the search warrant was issued, the burden is not on the government to sustain the search warrant, if the affidavit for its issuance shows probable cause on its face, but on the defendant to show lack of probable cause. U. S. v. Goodwin (D. C.) 1 F. (2d) 36; U. S. v. Boscarino (D. C.) 21 F. (2d) 575, 577.

Since this decision relates to procedure, it has been submitted to my colleague, District Judge Bryant, and I am authorized to say that it meets with his approval.